## HENRY DeSHIELDS HALL v. ERIN CLARKE HALL.

September 5, 1951.

Record No. 3797.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Hunter W. Martin* and *W. Griffith Purcell,* for the appellant.

*Duval & Duval,* for the appellee.

SMITH, J., delivered the opinion of the court.

Appellee moves to dismiss this appeal on the ground that the appellant did not file with the clerk, within sixty days after final judgment, notice of appeal and assignments of error.

The motion to dismiss involves the construction of our Rule 5:1, § 4, providing: "No appeal shall be allowed unless, prior to the expiration of sixty days after final judgment, counsel files with the clerk notice of appeal and assignments of error. Within fourteen days thereafter counsel for appellee shall file with the clerk his assignments of cross-error, if any. Only errors so assigned will be noticed by this court."

By reason of the contention of appellant that the new rules of appellate procedure do not apply to this appeal, we must construe Rule 5:1, § 14, which reads as follows:

"This Rule 5:1 shall govern appeals taken in cases commenced on or after February 1, 1950, and appeals taken in other cases except to the extent that in the opinion of the judge its application would not be feasible."

For a clear understanding of the issues, a brief statement will be helpful. On October 15, 1946, Erin Clarke Hall instituted

a suit for divorce against Henry DeShields Hall, and on November 12, 1948, a decree of divorce from the bonds of matrimony was entered by the Law and Equity Court of the City of Richmond. The husband was ordered to pay $111 per month for the support and maintenance of his wife. The cause was stricken from the docket with leave to reinstate for good cause shown. There has been no reinstatement. On March 2, 1950, a writ of *fieri facias* was issued by the clerk of the trial court for the sum of five hundred and fifty-five dollars and placed in the hands of the sheriff for levy. Upon suggestion that E. I. DuPont deNemours & Company, Incorporated, was indebted to the husband, a summons was issued requiring DuPont to answer. Answer was filed admitting that it was indebted to the husband in the sum of five hundred and fifty-five dollars.

On March 9, 1950, appellant moved in the trial court to quash the execution issued March 2, 1950, on the ground that the divorce decree entered November 12, 1948, was void.

The ground for the claim of invalidity of the decree and judgment is that the marriage of appellant and appellee was not a valid marriage in that it was solemnized within six months (now four months) after the divorce of appellant from a previous wife. By its order of April 5, 1950, the trial court refused to hear the motion to quash the execution of March 2, 1950, until the husband purged himself of contempt by paying the arrearage of support and maintenance. The five hundred and fifty-five dollars owed by E. I. DuPont deNemours & Company, Incorporated, to the husband was ordered paid to the wife to be applied toward the satisfaction of the judgment for maintenance and support.

There is no notice of appeal and no assignments of error in the record. Attorney for appellant concedes that he has not complied with the provisions of Rule 5:1, § 4, but contends that he has substantially complied by giving notice of intention to apply for a transcript of the record, and for the reason that his exception to the order of April 5, 1950, is equivalent to assignments of error.

The second ground of the appellant in opposition to the motion to dismiss is that, since the original suit was commenced prior to February 1, 1950, the effective date of the rules, his right of appeal is, therefore, controlled by the law in effect prior to that date. The basis of his contention is that Rule 5:1, § 14,

shows that the new rules of appellate procedure are not applicable to this appeal. ·

In the cases of *Vick* v. *Siegel,* 191 Va. 731, 62 S. E. (2d) 899; *Skeens* v. *Commonwealth, ante,* p. 200, 64 S. E. (2d) 764, and *Avery* v. *County School Board, ante,* p. 329, 64 S. E. (2d) 767, we discussed the new rules of appellate procedure at great length. See also, *Leigh* v. *Commonwealth, ante,* p. 583, 66 S. E. (2d) 586.

In *Skeens* v. *Commonwealth,* the motion to dismiss was on the ground that the defendant did not file his notice of appeal and assignments of error within sixty days after final judgment. We there held that the rule is mandatory.

In *Vick* v. *Siegel,* while the decision hinged on the construction of Rule 5:1, § 6(d), we said this: "The assignments of error were in fact filed in the clerk's office within sixty days after final judgment. Defendant was also given notice within that period of plaintiff's purpose to appeal."

In *Avery* v. *County School Board,* this was said: "Unless the notice of appeal and assignments of error are filed within the 60 days allowed, the clerk is under no duty and has no authority to make up the record. The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not filed in 60 days, the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right. * * *.

"If the notice of appeal and assignments of error are not filed within the time allowed, the clerk of the trial court is under no duty and has no authority to make up the record."

██ The provisions of Rule 5:1, §4, are mandatory and must be complied with by filing notice of appeal and assignments of error within sixty days after final judgment. The last sentence of that rule specifically states that only errors so assigned will be noticed by this court.

██ The motion to dismiss must be sustained unless appellant is saved by Rule 5:1, § 14. This rule deals with two classes of cases, (1) "cases commenced·on or after February 1, 1950, and (2) appeals taken in other cases. * * *". Then follows an exception which applies to cases commenced before February 1, 1950, in the language, "* * * except to the extent that in the opinion of the judge its application would not be feasible." The record

fails to show that in the opinion of the trial judge the application of the new rule would not be feasible. The trial court, therefore, did not find either by order or memorandum opinion that the appellant was or should be in the excepted class. In a proper case commenced before February 1, 1950, and heard after that date, the trial judge is authorized under this rule to find that the application of the new rules would not be feasible. This was not done and the case comes here on the new rules of appellate procedure.

There is an additional reason why Rule 5:1, § 14, does not relieve appellant from complying with the new rules. It is true that the divorce case, out of which the order of April 5, 1950, arose, was commenced in the year 1946, but a final decree was entered on November 12, 1948, and the case was dismissed from the docket. No appeal from that final decree would now lie under the statutes then governing appellate procedure.

The case here under attack was commenced as an independent proceeding on March 2, 1950, when the execution was issued from the clerk's office. The order of April 5, 1950, refusing to hear the motion to quash the execution until appellant purged himself of contempt is the judgment sought to be reviewed. A new case was, therefore, commenced by the issuance of the execution on March 2, 1950, for the sole purpose of enforcing a right created by the final decree of November 12, 1948.

The new rules were adopted on October 13, 1949, with notice that they would become effective February 1, 1950. They were printed in pamphlet form and distributed to the Bar of this State. The Judicial Council for Virginia, the Virginia State Bar and the Virginia State Bar Association expended much effort to fully inform the legal profession in ample time to become familiar with the rules before the effective date.

As early as January, 1949, the Judicial Council for Virginia caused to be published a pamphlet entitled "Proposed Modifications of Practice and Procedure". This pamphlet was printed and made available to the entire Bar of the State. The proposed rules are set forth and reasons are given for each. That pamphlet dealing with the subject matter covered by Rule 5:1, § 4 specifically points out that the notice of appeal takes the place of the notice of intention to apply for a transcript of the record. With reference to assignments of error, it is pointed out that they must be filed at an early stage since, until it is known what

points will be raised on appeal, it is impossible to know what parts of the record will be material on appeal.

The rules are brief and written in clear language. All members of the Bar were afforded full opportunity to learn their contents before the effective date.

There being a failure to comply with the mandatory provisions of Rule 5:1, §4, the appeal must be dismissed.

The view we take of the matter makes it unnecessary to discuss the cause on its merits. It may not be amiss, however, to state that upon a careful consideration of the record, we think the case would have to be affirmed.

*Dismissed.*