## Richmond

### ROBERT E. LYONS v. GALANIDES, INCORPORATED.

March 6, 1967.

Record No. 6367.

Present, All the Justices.

*Robert S. Cohen* (*Amato, Babalas, Breit, Cohen, Rutter and Friedman*, on brief), for the plaintiff in error.

*E. Pryor Wormington* (*Rixey and Rixey*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

Robert E. Lyons, plaintiff, instituted an action against Herbert Johnson and his employer, Galanides, Incorporated, defendants, to recover damages for personal injuries. Lyons, a member of the Norfolk police force, alleged that he was injured in an altercation that followed his arrest of Johnson for a traffic violation while the latter was operating Galanides' delivery truck. Defendant Johnson filed a

counterclaim against Lyons for personal injuries he allegedly sustained in the fracas.

A trial by jury commenced on October 6, 1965. Following plaintiff's opening statement, defendant Galanides moved for a summary judgment, but it was overruled. At the conclusion of plaintiff's evidence on October 6, both defendants moved to strike plaintiff's evidence and for the entry of summary judgments in their behalf. By order entered October 6, the motion was sustained as to defendant Galanides but overruled as to defendant Johnson.

The next day, October 7, the trial proceeded against defendant Johnson only. At the conclusion of all the evidence Johnson renewed his motion to strike and it was overruled. The jury returned a verdict for plaintiff against Johnson in the amount of $800 and also found for plaintiff on Johnson's counterclaim. The plaintiff then moved the court to set aside the verdict as being inadequate and grant him a new trial on the sole issue of damages. This motion was continued by order entered October 7. The order contained no other provisions. It in no way related to Galanides.

On October 18, plaintiff mailed to counsel of record a notice that he would move the court on October 19 "to set aside a summary judgment entered * * * in favor of Galanides, Incorporated * * * on October 7, 1965." (Italics supplied.) According to an order entered on November 2, such a motion was made. This order overruled plaintiff's motion "to set aside the summary judgment" for Galanides, and it also sustained plaintiff's motion, which was continued by the order of October 7, to set aside the jury's verdict of $800 against defendant Johnson as being inadequate and to award plaintiff a new trial on the issue of damages only. The order also provided that "final judgment is hereby rendered in favor of plaintiff on the counter claim of the defendant [Johnson], * * *." The affected parties duly excepted to the above actions of the court.

On December 1, Lyons filed his Notice of Appeal and Assignments of Error. It contained these words:

"ROBERT E. LYONS, by his counsel, hereby gives notice of his appeal from a judgment entered in the above styled case on the 7*th* day of October, 1965, and assigns the following errors: (Italics supplied.)

## "ASSIGNMENTS OF ERROR

"1. The Court erred in granting summary judgment in favor of the defendant, Galanides, Incorporated.

"2. The Court erred in overruling plaintiff's motion for a summary judgment against the defendant, Galanides, Incorporated."

We granted plaintiff a writ of error "to a judgment rendered by the Court of Law and Chancery of the City of Norfolk on the 7th day of October, 1965". (Italics supplied.)

The printed record contains the orders entered on October 7 and November 2. It does not contain the order entered on October 6, which sustained Galanides' motion for a summary judgment. On September 29, 1966, Galanides filed a motion to dismiss the appeal on the grounds that plaintiff had not complied with Rules 5:1, § 6(d); 5:1, § 6(f), and 5:12, § 1(c) of Rules of Court. In oral argument before us, counsel for Galanides advanced an additional ground for dismissal of the appeal. He contended that plaintiff, in appealing from the order of October 7, had appealed from the wrong order and had no standing here. He argued that plaintiff should have appealed from the order of October 6, which sustained Galanides' motion to enter summary judgment in its behalf.

The record clearly shows that plaintiff appealed from the order of October 7, which was not a final order, and that the writ of error was awarded to it. Moreover, nothing in this order adjudicated any issues involving plaintiff and Galanides. It dealt solely with plaintiff and Johnson. Plaintiff's first assignment of error relates to the granting of summary judgment for defendant Galanides. The record shows that the motion to grant summary judgment was sustained by order of October 6. He alleged in his second assignment that the court erred in overruling his motion for a summary judgment against Galanides. We find nothing in the record to indicate that the precise motion was made. Hence, the assignments of error had no connection with the order of October 7. Plaintiff argued before us that it was his intention to appeal from the orders entered on October 6 and November 2, but the fact remains that he did not do so.

Under the circumstances of this case, we must dismiss the appeal. Our holding in no way affects any rights Lyons may have in his new trial for damages only against Johnson.

*Dismissed.*