415 S.E.2d 600 (1992)
Richard CARLTON
v.
William Lewis PAXTON, Jr. and Angela Paxton.
Record No. 0887-90-3.
Court of Appeals of Virginia.
March 17, 1992.
Rehearing En Banc Granted May 21, 1992.
Laurence A. Mann, Lexington, for appellant.
J. Gregory Mooney, Covington (Collins, Crackel & Mooney, on brief), for appellee William Lewis Paxton, Jr.
No brief or argument for appellee Angela Paxton.
Present: BARROW, BRAY and ELDER, JJ.
*601 ELDER, Judge.
Richard Carlton, the natural father of Carrie Lee Carlton Paxton (Carrie), appeals from a decision of the Circuit Court for the County of Alleghany dismissing his bill of complaint. With his bill of complaint, appellant had sought to vacate a final adoption order granting William Lewis Paxton's petition to adopt Carrie.[1] We reverse the judgment of the trial court.
In early 1983, a daughter was born to the marriage of appellant and Angela Paxton (then Carlton). Later that year, Angela Paxton left appellant, taking Carrie with her. Appellant alleged that his attempts to locate his wife and daughter were unsuccessful. He also alleged that he attempted to send support payments to his wife. Sometime in 1984, while appellant was on active duty in the Navy, he received via mail a Mexican divorce decree terminating his marriage with Angela Paxton.
Following his discharge from the Navy, appellant allegedly renewed his efforts to locate his wife and daughter. In November 1985, he "learned for the first time that his wife had remarried and the stepfather planned to attempt to adopt his daughter." At about this time, Angela Paxton sought appellant's consent for this adoption and mailed him notice at his brother's address. The record does not indicate whether appellant actually lived at his brother's address. The record reflects that appellant and Angela Paxton lived there for a few days in December 1983, when they shared a residence for what was apparently the last time.
In response to the notice sent to the address of appellant's brother, appellant's sister-in-law wrote to Paxton informing her that, if Paxton would write to appellant's mother, appellant's mother could attempt to contact appellant. No attempt was made to contact appellant at his mother's address.
Also in November 1985, William Paxton petitioned the trial court for adoption of Carrie. Angela Paxton consented to the adoption by joining in the petition. Included with the adoption petition was a supporting affidavit, executed by William Paxton's attorney, affirming that appellant was not a resident of Virginia and that his last known address was that of his brother. Thereafter, the clerk's office entered an order of publication directing appellant to appear on or before January 10, 1986. It is not clear whether the clerk's office mailed appellant a copy of the order. Court records do not contain a certificate of the clerk indicating that the order had been posted and that a copy was forwarded to appellant's last known address. Court records also do not contain a sheriff's return or a certified mail receipt indicating successful service on appellant.
In February 1986, the Department of Social Services mailed appellant a copy of the order at his brother's address. The letter was returned unclaimed with a citation of a new address. In March 1986, the Department of Social Services mailed a copy of the publication order to the new address. The following month, the trial court entered a final order of adoption in favor of William Paxton.
In April 1989, Angela Paxton contacted appellant and informed him of the final order of adoption. She further explained that William Paxton had gained custody of Carrie in a recent custody hearing between the Paxtons. Appellant filed a bill of complaint requesting that the final adoption order be vacated.
In its first ruling on appellant's bill of complaint, the trial court allowed appellant to attack the decree only on grounds of lack of personal jurisdiction and denial of due process. All other grounds were barred by Code § 63.1-237, which allows attack more than six months after a final order of adoption only on jurisdictional grounds. The court held that, as no proof existed that a copy of the order was mailed to appellant, service of process was defective. Thus, due to lack of jurisdiction, the final order of adoption was void. As to the issue of due process, the court held that the order of publication did not violate appellant's rights as due diligence had been used in attempts to locate him.
*602 William Paxton moved the court to reconsider its ruling based on additional evidence concerning the clerk's mailing of a copy of the order. The additional evidence consisted of affidavits by three of the four deputy clerks of court employed with the court at the time the order in question was issued. Each deputy clerk averred as to the routine office procedure for issuing publication orders. On April 13, 1990, the court issued an opinion letter reversing its first ruling. The trial court held that, in light of the affidavits, it was reasonable to conclude that a mailing had occurred and that there had thus been substantial compliance with Code § 8.01-317, such as to give the adoption court personal jurisdiction over appellant.
On May 11, 1990, this ruling was entered in the form of a decree dismissing appellant's bill of complaint to vacate the final order of adoption. On June 4, 1990, appellant filed a notice of appeal.

I.
The first issue before this Court is whether appellant filed a proper notice of appeal. Code § 8.01-675.3 and Rule 5A:6(a) require that notice of appeal to this court be filed within thirty days of any final judgment. It is not contested that appellant filed a notice of appeal within the thirty day time limit. However, appellees argue that, because this notice of appeal incorrectly identified the order being appealed, it failed to satisfy Rule 5A:6(a) and dismissal of the appeal is required. Appellant's notice of appeal, while correctly styled "In the Matter of the Adoption of Carrie Lee Carlton Paxton, a minor," incorrectly identified the order being appealed as "the Final Order of Adoption of this Court, entered on the 22nd day of April, 1986." The order actually being appealed was the trial court's May 11, 1990, decree dismissing appellant's bill of complaint to vacate the final order of adoption. Thus, the question before this court is whether a notice of appeal that is timely filed and correctly styled, but potentially misleading due to a clear error of reference, must fail on procedural grounds.
Under Rule 5A:3, the provision for timely filing of a notice of appeal is mandatory. See also Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974) (holding that Rule 5:6, like its predecessor, Rule 5:1, § 4, is mandatory); Hall v. Hall, 192 Va. 721, 724, 66 S.E.2d 595, 598 (1951) (holding that Rule 5:1, § 4, is mandatory). This court has interpreted such timeliness provisions strictly. See Mayo v. Dep't of Commerce, 4 Va.App. 520, 522-23, 358 S.E.2d 759, 761 (1987) (noting that compliance with rules governing appeal procedures "is necessary for the orderly, fair and expeditious administration of Justice"). However, the issue before this court is not whether a notice of appeal was timely filed.
The error does not go to timeliness, the key provision of Rule 5A:6 that is plainly mandatory. Instead, the error goes to identification of the order being appealed. Neither the Rules nor prior case decisions mandate dismissal of an appeal when an error of reference and not timely filing is at issue. In Leigh v. Commonwealth, 192 Va. 583, 66 S.E.2d 586 (1951), the Supreme Court of Virginia overruled a motion to dismiss for failure to file a notice of appeal within the prescribed time limit. Noting that defendant in that case had in fact filed notice of appeal, the court held that he "should not be denied a review simply because of an error made by a ministerial officer of the court." Id. at 587, 66 S.E.2d at 589. In this case, the error at issue is plainly that of the appellant and not that of "a ministerial officer of the court." Nonetheless, the issue presented is analogous: a timely filing is challenged on the basis of an error in the content of the notice of appeal.
Our analysis turns on the purpose behind rules governing a notice of appeal. As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant. See Avery v. County School Board, 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951). If required papers are not timely filed, "the appellee is entitled to assume that the litigation is ended.... Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right." Id.
*603 In this case, the fact that appellees were aware from appellant's notice of appeal that it was the May 11, 1990, decree being appealed, and not the 1986 final order of adoption is not contested.[2] Because this is not contested, because the 1986 order and the 1990 decree were styled differently, and because appellant's notice of appeal correctly followed the style of the 1990 decree, we may assume that all concerned parties were aware that appellant's timely filing was meant to be an appeal of the 1990 decree and not the 1986 order.
Appellees argue, however, that, under Hall and Vaughn, dismissal is mandatory. We disagree. Both Hall and Vaughn are distinguishable on their facts. In Hall, the appellant never filed a notice of appeal. Instead, he relied on the contention that he had substantially complied with the rules of court "by giving notice of intention to apply for a transcript of the record." 192 Va. at 723, 66 S.E.2d at 597. Here, appellant actually filed a notice of appeal and that such filing was timely is not contested.
In Vaughn, an owner of land by right of survivorship was, as an individual, the sole party in interest to a bill for specific performance. However, an appeal was perfected with respect to this landowner only in her capacity as administratrix of decedent's estate. The court dismissed the appeal on grounds that it "was not perfected according to law." 215 Va. at 330, 210 S.E.2d at 142. The legal implications of litigation in one's capacity as an individual and litigation in one's capacity as an administratrix are clearly divergent. Thus, in Vaughn, the notice of appeal failed to give the landowner adequate notice of the risk of continued litigation. Again, appellees do not contend that they failed to receive adequate notice of the appeal.
Because appellant did in fact file a notice of appeal, and because the purpose of Rule 5A:6 was met, notice being given to appellees of continuing litigation, we hold that, under the facts of this case, dismissal for failure to satisfy the rules governing notice of appeal is unwarranted. Our construction of the rule assures judicial review of a decision affecting substantial interests without compromising either the rule or appellee's rights.

II.
Appellees assert that this court cannot properly adjudicate this appeal without a transcript or an accurate statement of facts. Rule 5A:7 addresses the subject of the contents of the record on appeal and requires, among other things, that the record include a transcript of any proceeding or, in lieu of a transcript, a written statement of facts, testimony, and other incidents of the case. Rule 5A:8 governs the submission of written statements of facts in lieu of transcripts. These rules require strict adherence. Mayhood v. Mayhood, 4 Va.App. 365, 368-69, 358 S.E.2d 182, 184 (1987). However, where the record on appeal without a transcript or written statement of facts is sufficient to determine the merits of the appellant's allegations, this court may proceed to hear the case. Wolfe v. Commonwealth, 6 Va.App. 640, 643, 371 S.E.2d 314, 315-16 (1988); Turner v. Commonwealth, 2 Va.App. 96, 98-99, 341 S.E.2d 400, 401-02 (1986).
The record here contains neither a transcript nor a written statement of facts; it does include the trial court's opinion letter of December 4, 1989, in which the court sets out in extensive detail the facts which, ultimately, stand as the basis for this appeal. This court may rely on this statement of the facts in this case. See Clark v. Commonwealth, 4 Va.App. 3, 4 n. 1, 353 S.E.2d 790, 791 n. 1 (1987).

III.
Appellant's primary contention is that the trial court erred in dismissing his petition to vacate the final order of adoption. Appellant contends that the adoption order was void because service of process by *604 publication failed to comply with Code §§ 8.01-316 and 8.01-317.
Code § 8.01-316 allows an order of publication to be entered against a defendant in any of three ways. One of these three ways requires from the party seeking service an affidavit stating at least one of the following: (1) that the party sought is a nonresident; (2) that due diligence has been used without effect to locate this party; or (3) that the last known residence of this party was in the county or city in which service is sought and that a return has been filed by the sheriff that the process has been in his hands for twenty-one days without the sheriff being able to make service.
Code § 8.01-317 describes what a publication order must state, how it should be published, and when it can be dispensed with. It requires, among other things, that a copy of the order be posted on the front door of the courthouse, mailed to the address stated in the affidavit required by Code § 8.01-316, and published in a newspaper once a week for four consecutive weeks. It further requires the clerk to take responsibility for meeting these requirements and to file a certificate stating that they have been met.
The object of Code §§ 8.01-316 and 8.01-317 is to protect parties by giving them notice and an opportunity to present a defense. Forrer v. Brown, 221 Va. 1098, 1105, 277 S.E.2d 483, 486 (1981). Because service by publication constitutes constructive notice only, these sections must be strictly construed. Dennis v. Jones, 240 Va. 12, 18, 393 S.E.2d 390, 393 (1990); Robertson v. Stone, 199 Va. 41, 43, 97 S.E.2d 739, 741 (1957).
In its first ruling on the matter, the trial court determined that jurisdiction over appellant was lacking due to a lack of proof that the order required by Code § 8.01-317 had been mailed. In the absence of evidence that the clerk's office had filed a certificate of compliance, and absent any other proof of actual compliance, service of process was defective and the court lacked personal jurisdiction over appellant.
On reconsideration of this question, the court reviewed affidavits of deputy clerks who had been working in the clerk's office at the time the publication order was issued. In these affidavits, the deputy clerks averred that, while they had no knowledge of this particular order of publication, each member of the office shared responsibility to carry out the routine functions involved with such orders. Specifically, a single deputy clerk would take responsibility for a single order, seeing to it that the order was mailed, posted, and delivered to the newspaper. The trial court concluded that, because of evidence that two of these functions, the posting and the delivery to the newspaper, had been carried out, it was reasonable to conclude that the order had also been mailed. The court ruled that Code § 8.01-317 had been substantially complied with.
In holding that the order of publication was valid because the service actually effected substantially complied with that required by statute, the trial court erred as a matter of law. The terms of the statute require strict adherence. Dennis, 240 Va. at 18, 393 S.E.2d at 393; Forrer, 221 Va. at 1105, 277 S.E.2d at 486; Robertson, 199 Va. at 43, 97 S.E.2d at 741. Substantial compliance is insufficient.
In finding substantial compliance with the statute, the trial court assumed that the requirement of mailing had actually been complied with. However, the evidence did not rise to a level to support a finding of actual compliance because of a key omission in the record. Missing from the record was a certificate of compliance, filed by a deputy clerk and asserting that the requirements of Code § 8.01-317 had been met. Among the requirements of Code § 8.01-317 is the requirement that a copy of the order of publication be mailed to the last known address of the party on whom service is sought. The trial court apparently concluded that the failure of a deputy clerk to file such a certificate did not suggest that a mailing to appellant never occurred.
We cannot assume compliance with the mailing requirement in the absence of a certificate. Proof that the order was posted on a courthouse door and delivered to a newspaper is not proof that the order was also mailed. Instead, the absence of the *605 required certificate plainly suggests the opposite conclusion.
In its first ruling on the matter, the trial court was correct when it determined that, due to a lack of proof that the order required by Code § 8.01-317 had been mailed, personal jurisdiction over appellant was lacking at the time of the entry of the final order of adoption. In the absence of evidence that the clerk's office had filed a certificate of compliance, service of process was defective. As a result, the trial court erred in dismissing appellant's petition to vacate the final order of adoption.
For the foregoing reasons, the judgment of the trial court is reversed.
Reversed and remanded.
BARROW, Judge, dissenting.
The majority establishes a new standard by which to judge the efficacy of a notice of appeal. This new standard differs from that previously established for this purpose by prior decisions of the Supreme Court and this court; consequently, I dissent from the decision.
The notice of appeal in this case recited that the appeal was "from the Final Order of Adoption of this Court entered on the 22nd day of April, 1986." Actually, the appellant sought to appeal from an order of May 11, 1990, in another proceeding, dismissing his bill of complaint seeking to vacate and set aside the order of adoption entered on April 22, 1986.
Contrary to the majority's assumption, all concerned parties were not "aware that appellant's timely filing was meant to be an appeal of the 1990 decree and not the 1986 order." The clerk of the trial court was not aware that the appellant intended to appeal the 1990 decree. The notice of appeal was filed by the clerk and made part of the record in the original adoption proceeding containing the 1986 decree of adoption. The notice of appeal was not, and still has not been, made a part of the record in this appeal. In the original adoption proceeding, counsel for the appellee filed an objection to transcripts; the appellant filed a notice of filing of the transcript and, as well, a motion requesting that the appellee's objections to the filing of the transcript be overruled; and finally, the trial court ruled that the transcripts were not timely filed. The record of this proceeding, on the other hand, contains no filings after the decree of May 11, 1990, dismissing the bill of complaint, that is the subject matter of this controversy.
By relying on a concession of appellee's counsel at oral argument to determine what the appellee thought the notice of appeal meant, the majority creates a subjective standard by which a notice of appeal is to be judged. It is no longer to be judged by what it says, or even by what it may reasonably be interpreted to say. Future such issues will be resolved by representations by counsel at oral argument.
The majority also concludes that the error in the filing of the notice of appeal "does not go to timeliness." Admittedly, if a notice of an appeal of a decision made four years earlier in another, albeit related, proceeding effectively appeals a final decree in this proceeding, timeliness is not an issue. However, if this notice of appeal does not perfect an appeal of the decree in controversy, then a notice of appeal has not been filed within thirty days of the final decree and the appellant has not complied with the mandatory provisions for timely filing of a notice of appeal. Code § 8.01-675.3; Rule 5A:6; Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974); Hall v. Hall, 9 Va.App. 426, 429, 388 S.E.2d 669, 670 (1990).
To initiate an appeal, a notice of appeal must be filed within thirty days of the order appealed from. Code § 8.01-675.3; Rule 5A:6. The time prescribed for filing a notice of appeal is mandatory. Rule 5A:3(a); Long v. Commonwealth, 7 Va. App. 503, 505, 375 S.E.2d 368, 368 (1988) (en banc). "[R]ules governing appeal procedures are mandatory and `compliance with them is necessary for the orderly, fair and expeditious administration of justice.'" Id. at 505, 375 S.E.2d at 369 (quoting Mayo v. Dep't of Commerce, 4 Va.App. 520, 522, 358 S.E.2d 759, 761 (1987)); see also School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555-56, 379 S.E.2d 319, 323 (1989).
*606 A notice of appeal that fails to identify accurately the cause being appealed does not perfect an appeal within the allotted time. Vaughn, 215 Va. at 329, 210 S.E.2d at 141. A notice of appeal identifying an appellee only in her representative capacity as administratrix of an estate does not perfect an appeal of the cause of action of the appellee in her individual capacity, even though she has been sued in both her individual and her representative capacities in the trial court. Id. A petition for appeal which names only one of multiple complainants appeals only the cause of the complainant named and is "wholly insufficient as a petition for an appeal by any person other than" the person named. Challice v. Clark, 163 Va. 98, 102, 175 S.E. 770, 770-71 (1934).
Finally, a notice of appeal identifying the wrong order does not effect an appeal of another order that an appellant intends to appeal. Lyons v. Galanides, Inc., 207 Va. 874, 876, 153 S.E.2d 225, 221 (1967). A notice of appeal from "a judgment entered... on the 7th day of October, 1965" is not sufficient to appeal a final judgment entered on November 2 in the same proceeding. Id.
Moreover, merely expressing an intent to appeal is insufficient. Hall v. Hall, 192 Va. 721, 726, 66 S.E.2d 595, 598 (1951). By giving notice of intention to apply for a transcript of the record and excepting to the order which is the subject of the appeal, a party does not constructively file a timely notice of appeal. Id. at 723, 66 S.E.2d at 597.
Although seemingly harsh, the mandatory requirement of a timely notice of appeal is not intended to punish the appellant. Hall, 192 Va. at 724, 66 S.E.2d at 597 (quoting Avery v. County Sch. Bd., 192 Va. 329, 333, 64 S.E.2d 767, 769 (1951)). Instead, it is designed to protect the appellee. Id. Once the time has expired for the filing of a notice of appeal, an appellee is able to act with the assurance that the litigation has ended. Id. The ability to delay the effect of a judgment for a long period of time "by the simple and inexpensive act of filing a single piece of paper gives to the unsuccessful party an enormous power over the winning party." R. Martineau, Modern Appellate Practice § 6.1 (1983). Failure to exercise that power in a proper manner "should not be treated in the same manner as any other procedural misstep, i.e., easily waived upon any plausible excuse." Id. This is particularly true in litigation involving the adoption of a child. The right to know when finality in litigation has been reached is a valuable right. Hall, 192 Va. at 724, 66 S.E.2d at 597.
Under the majority's decision, this valuable right is satisfied if the notice of appeal gives notice of "continuing litigation." The notices of appeal in Vaughn, Challice, and Hall did just that and, yet, were not adequate. This decision departs from those precedents. The efficacy of a notice of appeal is no longer to be judged by what it says but by a new standard. Stare decisis precludes this panel from adopting such a standard. Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990). Therefore, I cannot join in doing so.

UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT
On April 1, 1992 came appellee William Lewis Paxton, Jr., by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on March 17, 1992 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on March 17, 1992 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that Mr. Paxton shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] William Lewis Paxton, Jr. is the husband of Angela Paxton, Carrie's natural mother.
[2] Appellee acknowledged during oral argument that there was never any question as to which order was being appealed.