COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


JAFAR MOTTAGHI

                                    MEMORANDUM OPINION*
v.    Record No. 1744-98-4              PER CURIAM
                                       APRIL 27, 1999
MARY M. KIANI


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    James H. Chamblin, Judge

            (Jahangir Ghobadi; Jahangir Ghobadi, P.C.,
            on brief), for appellant.

            No brief for appellee.


     Jafar Mottaghi appeals the decision of the circuit court

granting Mary M. Kiani a divorce a vinculo matrimonii and

deciding other issues.  On appeal, Mottaghi contends that (1)

the final decree of divorce was based upon a fraudulently

obtained property settlement agreement and is voidable; (2)

entry of the final decree in the face of Mottaghi's claim of

fraud was error; and (3) denial of Mottaghi's motion for

suspension and reconsideration was error.  Upon reviewing the

record, opening brief, and Kiani's motion to dismiss, we find

the record inadequate to address issues one and two, and grant

Kiani's motion to dismiss those issues.  We conclude that issue

_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

three is without merit and summarily affirm the decision of the trial court.  See Rule 5A:27.

## Entry of Final Decree

"The judgment of the trial court is presumed correct and he who asserts the contrary is required to overcome the presumption by record proof . . . ."  Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988).  The burden is on the party seeking reversal to submit to the appellate court a record that enables the court to determine whether there has been an error.  See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  The record contains neither a transcript nor a written statement of facts.  We find that, in their absence, Mottaghi has failed to present an adequate record for us to address issues one and two.  Accordingly, we dismiss this portion of the appeal.

## Denial of Motion for Suspension and Reconsideration

"[W]here the record on appeal without a transcript or written statement of facts is sufficient to determine the merits of the appellant's allegations, this court may proceed to hear the case."  Carlton v. Paxton, 14 Va. App. 105, 111, 415 S.E.2d 600, 603 (1992).  The record contains Mottaghi's motion for suspension and reconsideration, and the written notes of the trial judge denying Mottaghi's motion.  According to the record, the final decree of divorce was entered on July 10, 1998.

- 2 -

Mottaghi filed his motion for suspension and reconsideration on July 29, 1998. The trial judge did not rule on Mottaghi's motion before the decree became final on July 31, 1998. See Rule 1:1. Therefore, we find no error in the ruling of the trial court that it lacked authority on August 3, 1998 to suspend or reconsider its decision.

Accordingly, the decision of the circuit court denying Mottaghi's motion for suspension and reconsideration is summarily affirmed.

<u>Affirmed in part,
and dismissed
in part.</u>