COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


BETTY M. GOMEZ

                                         MEMORANDUM OPINION*
v.    Record No. 2584-98-1                  PER CURIAM
                                            JUNE 8, 1999
IRA KENNY HILL


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Rodham T. Delk, Jr., Judge

            (Gregory K. Matthews; Gregory K. Matthews,
            P.C., on brief), for appellant.

            (John C. Lauterbach, Jr.; Cannon, Collins &
            Lauterbach, PLC, on brief), for appellee.


     Betty M. Gomez appeals the decision of the circuit court

requiring Gomez and her child, Brandi Nichole Morgan, to submit

to a blood test for the purpose of determining paternity.  Gomez

contends that because there was a previous judicial finding of

paternity made by the juvenile and domestic relations district

court (district court), Ira Kenny Hill is barred by the

principles of res judicata and collateral estoppel from seeking

a determination of paternity.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The record on appeal does not contain either a transcript or timely-filed written statement of facts. However, the record contains the opinion letter of the trial court and the order from which this appeal is taken. "[W]here the record on appeal without a transcript or written statement of facts is sufficient to determine the merits of the appellant's allegations, this court may proceed to hear the case." Carlton v. Paxton, 14 Va. App. 105, 111, 415 S.E.2d 600, 603 (1992). We find the record sufficient to address the merits of this appeal.

On appeal,

> [u]nder familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

By order entered by the district court on December 19, 1986, Hill was adjudicated the father of the child and ordered to pay support. In 1997, Hill filed a Motion to Amend or Review Order in the district court, alleging that Gomez perpetrated a fraud on the court and on him. The district court ordered Gomez and the child to undergo blood tests. Following Gomez's appeal,

-

the circuit court ordered Gomez and the child to undergo the blood testing.  Gomez appealed from that order.

Gomez relies upon Slagle v. Slagle, 11 Va. App. 341, 398 S.E.2d 346 (1990).  In Slagle, this Court held that a previous adjudication of paternity in connection with the entry of a final decree of divorce collaterally estopped the putative father from contesting paternity in a later support proceeding.  Significantly, however, we noted that "it is generally held that '[i]n the absence of fraud, accident or surprise, a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact.'"  Slagle, 11 Va. App. at 346, 398 S.E.2d at 349 (emphasis added) (citation omitted).  "Principles of collateral estoppel may not be invoked to sustain fraud."  Id. at 348, 398 S.E.2d at 350.

Here, Hill alleged fraud.  The trial court found sufficient basis to warrant a paternity test.  In light of the scant record on appeal, and the presumption of correctness with which we view the trial court's assessment of the facts, we do not find grounds to reverse the trial court's order requiring Gomez to undergo blood testing.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-