COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


JANA HEISCHMAN CRUTCHFIELD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0034-05-2                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 8, 2005
WILLIAM G. CRUTCHFIELD, JR.


                   FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                            Paul M. Peatross, Jr., Judge

            Drew Swank (Steven L. Raynor; Robert E. Byrne, Jr.; Mary L.
            McGinnis; Martin & Raynor, P.C., on briefs), for appellant.

            Ronald R. Tweel (William C. Scott, IV; Michie Hamlett Lowry
            Rasmussen & Tweel, PLLC, on brief), for appellee.


        Jana H. Crutchfield, appellant/wife, contends the trial court erred in:  (1) allowing wife's

counsel to withdraw; (2) incorporating, but not merging, a letter agreement into the final decree

of divorce without wife's consent; and (3) denying wife's motion to set aside the final decree.

Husband requests attorney's fees on appeal.  For the reasons stated, we affirm.

                                        BACKGROUND

        On February 13, 2003, husband filed a bill of complaint against wife for divorce.  Wife

answered, and filed a cross-bill of complaint against husband.

        In a letter dated September 8, 2004, husband presented a letter offer to wife that

contained four possible settlement options.  Wife signed the letter, choosing "Option 2" that

provided her with specific real and personal property, and cash.  Wife included a handwritten

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

provision allowing her to remain in the marital home through January 1, 2005. Wife subsequently refused to sign the agreement prepared by her attorney reflecting these terms.

On November 30, 2004 wife contacted the trial court by letter, informing the court that she had dismissed her counsel the day before depositions for "inadequate representation." Wife's attorneys advised the court that wife had told counsel they were not authorized to endorse the final decree on her behalf.

On December 1, 2004, the parties appeared before the court for affirmation of the agreement and entry of the final decree. Counsel for wife presented the court with a motion to withdraw as counsel on the morning of the hearing. The court asked wife, "[I]s it your desire that Mr. Hodge and Ms. Thompson be relieved as your counsel before the court consider the entry of the divorce decree?" Wife responded, "Yes, sir." The court again inquired, twice, whether wife desired counsel to withdraw prior to addressing the final decree. The court gave wife additional time to confer with counsel, and again gave her the opportunity to keep present counsel if she desired.

Wife then indicated she would like counsel to "remain." Counsel objected and asked that the court enter the order allowing counsel to withdraw. The court carefully reviewed the withdrawal order with wife, who acknowledged that she sent the November 30, 2004 letter to the court. Wife stated, "but, could I just ask that this not go through? And here's the reason. In my letter to them . . . I didn't use the word 'dismissed.'" The trial court read the letter to wife that contained the word "dismiss," and entered the order allowing counsel to withdraw. The order acknowledged the November 30, 2004 letter, and recited that wife was present at the hearing and was given an opportunity to be heard.

The trial court then indicated it would proceed with the request for entry of the final decree. Wife did not ask for a continuance or an opportunity to retain another attorney. The

- 2 -

court asked wife if she would like to be heard further on the entry of the final decree, and she responded, "No, sir." The court further inquired of wife concerning the stipulation agreement earlier presented to the court: "So is this the agreement?" Wife answered, "Yes, sir, that's what the stipulation is, sir."

After the parties and counsel reviewed the proposed final decree, the court gave wife an opportunity to sign the decree, which she declined. The court then entered the final decree.

On December 20, 2004, wife's new counsel filed a Motion to Set Aside the Final Decree and Settlement Agreement alleging: (1) the settlement agreement is unenforceable due to ambiguity; (2) trial counsel provided inadequate legal representation; (3) there was never a meeting of the minds because wife was not informed of material facts of her case; (4) wife's lack of information and understanding of her entitlement to spousal and child support provides grounds for rescinding the agreement; and (5) the agreement is unconscionable. After hearing arguments of counsel on December 21, 2004, the court orally denied the motion to set aside.

Wife filed a notice of appeal on December 30, 2004 that stated:

> COMES NOW Jana H. Crutchfield, by counsel, and hereby gives notice of appeal to the Court of Appeals of the trial court's denial of her Motion to Set Aside Final Decree and Settlement Agreement. The trial court's oral ruling was made at the hearing held on December 21, 2004, and the order reflecting the trial court's ruling is scheduled to be entered on or about January 7, 2005.

The court entered a written order on the motion on January 19, 2005. Subsequent to the written order denying her motion, wife filed a second notice of appeal on February 1, 2005 that stated:

> COMES NOW Jana H. Crutchfield, by counsel, and hereby gives notice of appeal to the Court of Appeals of the trial court's denial of her Motion to Set Aside Final Decree and Settlement Agreement. The trial court's oral ruling was made at the hearing held on December 21, 2004, and the order reflecting the trial court's ruling was entered on January 19, 2005.

This appeal follows.

- 3 -

MOTION TO DISMISS

Husband initially filed a motion to dismiss the appeal as untimely. He argues that the trial court never entered an order vacating or modifying the December 1, 2004 decree. Therefore, Rule 1:1 made the December 1 order final after twenty-one days. Wife's original notice of appeal, he reasons, was not an appeal of the December 1, 2004 decree, but rather an attempt to appeal the trial court's oral ruling denying the motion to set aside the December 1 decree. He contends the oral ruling was not a final order, and because the court lost jurisdiction of the original December 1 ruling at the expiration of twenty-one days (December 22), the court was without authority to enter the January 19, 2005 written order. Thus, contends husband, the January 19 order is also not appealable and wife's second notice of appeal is also invalid.

Wife responds that the rules governing the filing of a notice of appeal do not require substantive content as to what alleged error by the trial court is being appealed. Because her original notice of appeal was timely filed as to the December 1, 2004 decree, she contends her appeal should not be dismissed.

Wife relies on Carlton v. Paxton, 14 Va. App. 105, 415 S.E.2d 600, aff'd, 15 Va. App. 265, 422 S.E.2d 423 (1992) (*en banc*), to support her position that the original notice of appeal contained only an "error of reference" and that such error is not fatal to her appeal. See id. at 109-10, 415 S.E.2d at 602 ("[T]he error goes to identification of the order being appealed. Neither the Rules nor prior case decisions mandate dismissal of an appeal when an error of reference and not timely filing is at issue."); see also Rule 5A:6. As to the December 30 notice of appeal, we agree with wife.

Wife's original notice of appeal, while referencing the court's oral December 21, 2004 ruling, put opposing counsel on notice of continuing litigation. In particular, wife's notice of appeal is captioned with the same style and docket number as the December 1, 2004 final decree,

thus advising counsel of what wife intended to appeal. Furthermore, wife's motion to set aside the final decree reflects challenges to the final decree, thereby advising opposing counsel that her appeal to this Court was intended to include her exceptions to the final decree. We hold that wife may proceed with her appeal of the December 1 order.

MOTION TO WITHDRAW

Wife first argues that the trial court abused its discretion when it allowed her counsel to withdraw, over her objection, without providing her the opportunity to retain new counsel. We find that wife is procedurally barred from raising this argument on appeal.

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). The purpose underlying this rule is to afford the trial court an opportunity to rule intelligently on the arguments presented and to take corrective action if necessary. Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

Wife never asked for a continuance at the December 1, 2004 hearing. While she requested that her attorneys "remain," she acknowledged that she had earlier written to the court advising that she had "discharged" her counsel. Although claiming that she never used the word "dismissed," she did not disagree when the court pointed out that she had previously notified the court that she "dismissed [her] attorney for inadequate representation." Additionally, she did not object to the court's entry of the order allowing counsel to withdraw. Assuming, without

deciding, that the motion to set aside preserved the issues raised in the motion, this issue was not raised in that motion.

We find that wife did not properly preserve these issues for appellate review, and we therefore will not address them for the first time on appeal. Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

INCORPORATION OF AGREEMENT INTO FINAL DECREE

Wife next complains that the trial court erred by incorporating, but not merging, the letter agreement into the final decree without first obtaining her consent. She contends that pursuant to Code § 20-109, the final decree must be entered in accordance with the agreement and that the trial court cannot incorporate an agreement over a party's objection.

We find that this issue is procedurally defaulted, and we will not address it for the first time on appeal. See Rule 5A:18. The trial court afforded wife the opportunity to be heard prior to the entry of the decree. Wife clearly declined this invitation, and chose not to object.

> THE COURT: So the next thing I'm going to do is take up the request for the entry of the final decree of divorce.
>
> So, Ms. Crutchfield, would you like to be heard on whether or not I should enter this decree of divorce?
>
> MS. CRUTCHFIELD: No, sir.

We further decline to address, *sua sponte*, whether we should invoke the exceptions to Rule 5A:18. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448. This issue was not raised in the motion to set aside.

MOTION TO SET ASIDE THE FINAL DECREE

On brief, wife sets forth several reasons why the court erred in not setting aside the final decree of divorce. For the reasons that follow, we cannot consider these issues on appeal.

Although wife timely presented her issues to the trial court for reconsideration in her motion to set aside the final decree, the filing of her motion did not stay or extend the trial court's time limit for ruling on that motion. See School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) ("Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . ." (citations omitted)).

During that twenty-one-day time period, it was incumbent upon wife to either renew her motion or "'at least remind the court that it was still pending and that [she] wanted the court to rule on it.'" Riner v. Commonwealth, 268 Va. 296, 310, 601 S.E.2d 555, 563 (2004) (quoting Green v. Commonwealth, 266 Va. 81, 94, 580 S.E.2d 834, 842 (2003)). The trial court did not rule on wife's motion to set aside the final decree until the twenty-one-day period had expired. Therefore, the trial court lacked authority to enter the January 19 order, rendering it a nullity, and leaving this Court nothing to review. See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) ("Fisher failed to obtain a ruling from the court. He requested no relief. Because he was denied nothing by the trial court, there is no ruling for us to review.").[1]

ATTORNEY'S FEES

Husband requests that this Court award costs and attorney's fees expended on appeal. Upon consideration of the entire record in this case, we hold that wife's arguments have no legal

---

[1] Husband argues that wife ratified the contract and she is therefore estopped from denying its validity on appeal. Because we find wife's argument on her motion to set aside the final decree is not subject to our review, we need not address this issue.

merit and husband is entitled to a reasonable amount of attorney's fees expended in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Accordingly, we remand for an award of attorney's fees incurred in this appeal, which should also include any additional attorney's fees and costs incurred at the remand hearing.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.  We remand to the trial court for an award of attorney's fees incurred in this appeal and at the remand hearing.

Affirmed and remanded.