COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia


SHAUN BARBOUR, SR.

MEMORANDUM OPINION* BY
v.       Record No. 2776-08-2        JUDGE ELIZABETH A. McCLANAHAN
MAY 11, 2010

DORIS GRAVES


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Althea H. Randolph for appellant.

Kelly A. Hobbs; Elizabeth Blair Carter, Guardian *ad litem* for the
minor child (Dygert, Wright, Hobbs & Heilberg, PLC, on brief),
for appellee.


Shaun Barbour, Sr. (appellant) appeals the circuit court's order denying his petition for

custody of his minor son, S.B., and granting custody of the child to a non-parent, Doris Graves

(appellee).  Barbour argues the circuit court erred in concluding:  (i) that Graves was a "person

with a legitimate interest" under Code § 20-124.2; (ii) that Graves rebutted the parental

presumption; and (iii) that it was in the child's best interest to grant custody of the child to

Graves.  We find no error in the court's determination that Graves was a person with a legitimate

interest in this matter.  However, we agree with Barbour that the court erred in finding, as the

predicate for concluding the parental presumption was rebutted, that Barbour voluntarily

relinquished his parental rights to S.B.  We therefore remand this matter to the circuit court for

reconsideration of the parental presumption issue, along with the court's ultimate determination

that granting custody of the child to Graves was in the child's best interest.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

This matter originated on Barbour's petitions filed in juvenile and domestic relations district court seeking custody of his minor son, S.B., and his minor daughter, A.B. Barbour appealed the district court's custody and visitation orders as to both children. Following an evidentiary hearing in Barbour's appeal to the circuit court, the trial judge granted to Barbour primary physical custody of his daughter, A.B., but denied Barbour's request for physical custody of his son, S.B.[1] Instead, the trial judge granted primary physical custody of S.B. to Graves, a non-parent, granted joint legal custody to Graves and Jennifer Oneida, the child's mother, and limited Barbour to visitation with the child. In his appeal to this Court, Barbour challenges the circuit court's disposition of his son's custody, to which Graves and the child's guardian *ad litem* have responded.[2]

A.

As a preliminary matter, Graves, citing Rule 5A:8,[3] argues that we should not consider this appeal because Barbour did not file with this Court a transcript of the evidentiary hearing in circuit court, which transcript, according to Graves, is indispensable. We disagree. "If the issue can be decided without the transcript, we may proceed to do so in its absence." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986); see Carlton v. Paxton, 14 Va. App. 105, 111, 415 S.E.2d 600, 603 (1992). Here, the record before us contains, *inter alia*,

---

[1] No challenge to the circuit court's disposition of the custody of Barbour's daughter, A.B., is before this Court.

[2] The guardian *ad litem* for S.B. joined in appellee's brief to this Court. Oneida, S.B.'s mother, did not file any response in this appeal.

[3] Rule 5A:8 provides, in relevant part: "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b).

(i) the circuit court judge's letter opinion setting forth "a summary of the evidence presented and the finding of facts of the court in support of the rulings set forth [therein]," and (ii) the final order. From this documentation, we can review and rule upon the issues here presented. See Kane v. Szymczak, 41 Va. App. 365, 373, 585 S.E.2d 349, 353-54 (2003) ("Because the chancellor did not announce his decision from the bench [regarding the transfer of custody of two minor children], we look to his letter opinion."); Carlton 14 Va. App. at 111-12, 415 S.E.2d at 603 ("The record here contains neither a transcript nor a written statement of facts; it does include the trial court's opinion letter . . . in which the court sets out in extensive detail the facts which, ultimately, stand as the basis for this appeal.").[4]

B.

Code § 20-124.2, governing court-ordered custody and visitation arrangements of minor children, provides in relevant part as follows:

> In determining custody, the court shall give primary consideration to the best interests of the child. The court shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children. As between the parents, there shall be no presumption or inference of law in favor of either. The court shall give due regard to the *primacy of the parent-child relationship* but may upon a showing by clear and convincing evidence that the best interest of the child would be served thereby award custody or visitation to any other person with a *legitimate interest*. The court may award joint custody or sole custody.

Code § 20-124.2(B) (emphasis added).

---

[4] In deciding the dispute over custody and visitation arrangements for S.B., which involved a determination of the "best interests of the child," the circuit court judge was expressly required under Code § 20-124.3 to "communicate to the parties the basis of the decision either orally or in writing." See Artis v. Jones, 52 Va. App. 356, 364, 663 S.E.2d 521, 524-25 (2008); Kane, 41 Va. App. at 370-74, 585 S.E.2d at 352-54.

(i) <u>Person with a Legitimate Interest</u>

Code § 20-124.1 provides that a "'[p]erson with a legitimate interest' shall be broadly construed and includes, but is not limited to grandparents, stepparents, former stepparents, blood relatives and family members provided any such party has intervened in the suit or is otherwise properly before the court." Accordingly, "[t]o have standing to litigate the question of [custody and/or] visitation, the litigant must prove she either fits within the specific categories mentioned in Code § 20-124.1 or assert some persuasive ground for being treated as the 'functional equivalent' of one of those categories." <u>Damon v. York</u>, 54 Va. App. 544, 553, 680 S.E.2d 354, 358-59 (2009); <u>see</u> <u>Surles v. Mayer</u>, 48 Va. App. 146, 166, 628 S.E.2d 563, 572 (2006). Whether a litigant ultimately qualifies "as a 'person with a legitimate interest' is a fact-specific inquiry that must be resolved on a case-by-case basis." <u>Id.</u>

Barbour argues the circuit court erred in reaching its threshold determination, as stated in the final order, that Graves was a person with a legitimate interest so as to provide Graves with standing to seek custody of S.B., pursuant to Code § 20-124.2(B). This argument is without merit.

The trial judge made no finding that Graves fit within one of the specific categories listed in Code § 20-124.1. However, as set forth in her letter opinion, the trial judge found from the evidence presented as follows:

> [S.B.] has lived with Ms. Graves fulltime since January 2006 and at least a portion of time prior to then. She has taken on all the responsibilities of a parent, including but not limited to meeting his physical needs for housing and clothing and foods without any significant help from the father. She has borne the financial responsibilities and has been actively involved in his education. She has treated him as her child in giving birthday parties and actively celebrating holidays with him.

In <u>Surles</u>, on facts analogous to those here presented, we held that appellant was a party with a legitimate interest within the meaning of Code § 20-124.1 in the context of appellant's

- 4 -

petition for visitation with the child of a woman with whom he had previously resided. Surles, 48 Va. App. at 166, 628 S.E.2d at 572-73. In reaching that decision, we explained:

> It is uncontroverted that Surles resided in the same household as [the child] for almost three years, while maintaining a relationship with [the child's] mother similar to that of husband and wife. During that time period, Surles served as [the child's] primary father figure, and he developed a close relationship with the child. Also during this time period, Surles and [the child's] mother conceived and gave birth to another child—[the child's] half-sibling. There can be little doubt that, under these circumstances, [the child] and Surles developed a relationship similar to—if not closer than—that ordinarily established between a stepfather and his stepson.

Id. at 166, 628 S.E.2d at 572.

Based on this authority, we cannot conclude, as a matter of law, that the trial court erred in determining Graves was a person with a legitimate interest in this dispute over the custody of S.B., where there is evidence to support a determination that Graves was at least the functional equivalent of a parent to the child. "When a court hears evidence at an *ore tenus* hearing" in the context here presented, "its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Denise v. Tencer, 46 Va. App. 372, 397, 617 S.E.2d 413, 426 (2005) (citation omitted).

(ii) Primacy of Parent-Child Relationship

"'[T]he right of the parents in raising their child is a fundamental right protected by the Fourteenth Amendment.'" Stadter v. Siperko, 52 Va. App. 81, 88, 661 S.E.2d 494, 498 (2008) (quoting Williams v. Williams, 24 Va. App. 778, 783, 485 S.E.2d 651, 654 (1997), aff'd as modified, 256 Va. 19, 501 S.E.2d 417 (1998)); see Griffin v. Griffin, 41 Va. App. 77, 82, 581 S.E.2d 899, 901 (2003) ("The Due Process Clause protects the 'fundamental right of parents to make decisions concerning the care, custody, and control of their children.'" (quoting Troxel v. Granville, 530 U.S. 57, 66 (2000))). This constitutional principle is reflected in the statutory

requirement that "[t]he court shall give due regard to the primacy of the parent-child relationship" when determining the "best interest of the child" in a custody or visitation dispute between a parent and a non-parent. Code § 20-124.2. See Williams, 24 Va. App. at 780-85, 485 S.E.2d at 652-54. In the adjudication of such a dispute, "'the law presumes that the child's best interest will be served when in the custody of its parent.'" Florio v. Clark, 277 Va. 566, 571, 674 S.E.2d 845, 847 (2009) (quoting Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986)). Only when the non-parent has rebutted the parental presumption can the trial court proceed to apply the "best interest of the child" standard under Code § 20-124.2 in making the custody or visitation determination. See id. (custody dispute); Stadter, 52 Va. App. at 89-90, 661 S.E.2d at 498 (visitation dispute); Griffin, 41 Va. App. at 82-83, 581 S.E.2d at 901-02 (visitation dispute).

Reaffirming the principles governing a custody determination between a parent and a non-parent, the Virginia Supreme Court recently stated in Florio in regard to the parental presumption:

> "Although the presumption favoring a parent over a non-parent is a strong one, it is rebutted when certain factors are established by clear and convincing evidence. We have held that such factors include: (1) parental unfitness; (2) a previous order of divestiture; (3) voluntary relinquishment; . . . (4) abandonment[; and (5)] special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents."

Florio, 277 Va. at 571, 674 S.E.2d at 847 (quoting Bailes, 231 Va. at 100, 340 S.E.2d at 827 (citations and internal quotation marks omitted)).

Barbour challenges the circuit court's determination that Graves rebutted the parental presumption favoring Barbour, as S.B.'s parent, over Graves, a non-parent. In her letter opinion, the trial judge found Graves proved, in seeking to rebut the parental presumption, that Barbour voluntarily relinquished his custody rights to his son. Both Graves and the guardian *ad litem* conceded at oral argument, however, that there was insufficient evidence to support such a

- 6 -

finding. From our review of the record, we agree that no voluntary relinquishment was established. Indeed, as the trial judge specifically found in the letter opinion, Barbour maintained weekend and weekday visits with his son, and the child "appeared to have a good relationship with his father." See Stadter, 52 Va. App. at 93, 661 S.E.2d at 500 ("The line of custody cases relying on the principle of voluntary relinquishment addresses circumstances in which a biological parent or custodian has completely abandoned a child's care to a non-parent then subsequently seeks to assert parental rights.").

We thus reverse the circuit court's finding that Barbour voluntarily relinquished his parental rights to S.B., as a predicate for the court's determination that Graves rebutted the parental presumption. [5]

---

[5] Because we reverse the circuit court on the parental presumption/voluntary relinquishment issue and remand for reconsideration, we need not address Barbour's argument that the court erred in its ultimate determination that granting custody of S.B. to Graves was in the child's best interests—which determination must necessarily be reconsidered in light of our holding on the parental presumption/voluntary relinquishment issue.

We further note for purposes of remand that Barbour also argues the circuit court erred in rejecting application of an "actual harm" standard when considering whether Graves had rebutted the parental presumption under Code § 20-124.2(B)—the same standard that applies under the statute when a non-parent's request for visitation is considered. See Williams, 24 Va. App. at 784-85, 485 S.E.2d at 654 ("We interpret [Code § 20-124.2(B)] to evidence the legislature's intent that the court make the necessary finding that a denial of visitation would be harmful or detrimental to the welfare of the child, before interfering with the constitutionally protected parental right of the child involved" through application of the "'best interests of the child'" standard.); see also Todd v. Copeland, 55 Va. App. 773, 790, 689 S.E.2d 784, 792 (2010) ( "[W]e conclude that a trial court must make a detriment to the child [i.e., "actual harm"] determination, regardless of the language of [Virginia's adoption statutes], before entering an adoption order, in order to protect the Fourteenth Amendment rights of a nonconsenting biological parent."). This "actual harm" test in a visitation context under Code § 20-124.2(B) has not been specifically addressed by a Virginia appellate court in a custody dispute. However, when the Virginia Supreme Court recently addressed the parental presumption in Florio, in the context of a parent/non-parent dispute over custody of a minor child, the Court reaffirmed the principles established earlier in Bailes without application of the actual harm standard, as discussed above.

II.

For the reasons stated above, we affirm the trial court's determination that Graves was a person with a legitimate interest in this matter, reverse the court's determination that Barbour voluntarily relinquished his parental rights to S.B., and, accordingly, remand for reconsideration of the court's determinations (a) that the parental presumption was rebutted, and (b) that granting custody of the child to Graves was ultimately in the child's best interest.

Affirmed, in part,
reversed, in part,
and remanded.