# Richmond

STEWART AVERY v. COUNTY SCHOOL BOARD OF BRUNSWICK COUNTY.

May 7, 1951.

Record No. 3779.

Present, All the Justices.

The opinion states the case.

*B. A. Lewis* and *Thomas E. Warriner, Jr.,* for the appellant.

*J. C. Hutcheson,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This case is before us on a motion of the County School Board of Brunswick County, Virginia, appellee, to dismiss the appeal granted Stewart Avery, appellant. The motion to dismiss is based upon the failure of counsel for appellant to comply with the rules of procedure which became effective, after much publicity, on February 1, 1950.

It is admitted by counsel for appellant that they failed to designate, within the time allowed by Rule 5:1, Sec. 6 (a), the parts of the record they desired printed, and it is insisted by appellee that since this is one of the essential provisions of Rule 5:1, it cannot be treated as merely directory, but is mandatory.

In adopting the new rules, we had hoped that the procedure had been made so clear and simple that a litigant would never lose any rights because of his lawyer's failure to take the proper procedural steps to protect his interests. We realized, however, that the orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be. This is particularly true of important time limits. Whether an appeal must be perfected in four months or five months is, of course, a technicality. If there is to be any time limit, it must be specified; and if there were no time limit, the appellee would never know when his case was ended.

The following will illustrate what we have just said. Rules 2:10 and 3:6 removed the numerous pitfalls and snares that had surrounded the plea in abatement for centuries; but the plea must be filed within twenty-one days after the service of process or it cannot be filed at all. For example, in the past, many appeals were dismissed because of defects in the appeal bond, and Section 11 of Rule 5:1 removes that hazard so far as possible; but the bond must, of course, be given within the time allowed by statute.

This court has always exercised its discretion, so far as it legally could, to protect litigants against the consequences of the failure of a public officer to perform ministerial duties. Section 6339 of the Code of 1942 required the appellant to notify the appellee of his intention to apply for a transcript of the record on appeal; and required the clerk to certify that the notice had been given. In *Brame* v. *Guarantee Finance Co.*, 139 Va. 394, 124 S. E. 477, the notice was actually given by the appellant, but the certificate was not made by the clerk; and the court refused to hold the appellant responsible for the fault of the clerk.

In *Vick* v. *Siegel*, 191 Va. 731, 62 S. E. (2d) 899, decided under the present rules, the court went a step further. Section 6(d) of Rule 5:1 requires the judgment appealed from, the trial court's opinion, if any, and the assignments of error to be designated for printing by the appellant, and Section 8 requires the clerk of this court to cause them to be printed. The appellant forgot to designate the assignments of error, and we held that the provision that they be designated is directory and the failure to designate is not sufficient ground for dismissing the appeal; this holding was based upon the reason that the clerk was required by this rule to have them printed whether designated or not.

The designation by counsel of a part of the record that must be printed whether designated or not is for the convenience of the clerk of this court in sending the transcript to the printer. Section 6 (c) points out that the form of the designation is to be such that the clerk can hand it to the printer as his instructions to print, and counsel should not put on the clerk the burden of checking the designation. Instructing the printer to print the judgment appealed from, any memorandum of the judge and the assignments of error is a purely ministerial act; but designating the other parts of the record involves discretion that can be exercised only by the appellant.

Rule 5:1 is designed to make appellate procedure as simple and inexpensive as possible.

Section 3 of Rule 5:1 describes how papers and testimony become part of the record, and a simpler method could hardly be invented. All the ordinary court papers become part of the record when lodged with the clerk. Instructions and exhibits become part of the record when initialed by the judge. Oral testimony transcribed by a reporter becomes part of the record when signed by counsel and the judge and handed to the clerk within the prescribed time. Provision is made for the situation where appellee's lawyer refuses to sign the transcript, and paragraph (f) embodies the essential features of a bill of exceptions.

Since the appellant is given 60 days by Section 3 to present the transcribed oral evidence to the judge, he is given 60 days by Section 4 to file his notice of appeal.

Within the same 60 days he must file his assignments of error; and appellee has two weeks in which to file assignments of cross-error. The reason assignments of error must be filed when the time for perfecting the appeal has only half run, is because until they are filed, the parties cannot know what parts of the record will be material on the appeal. As soon as the assignments have been filed, both parties will know which issues are controverted and what parts of the evidence bear on those issues. For example, in a personal injury case, if the defendant does not assign as error that the verdict is excessive, there will be no need to print the medical testimony or the testimony dealing with the extent of the injury. Then, if the defendant should seek in this court to argue the question of the excessiveness of the verdict, the refusal of the court to entertain the argument would be not for the purpose of enforcing a technical rule but

for the purpose of protecting the plaintiff against being taken unfairly by surprise.

Section 5 provides that "After receiving the notice of appeal and appellant's assignments of error the clerk shall promptly make up the record . . . ." Unless the notice of appeal and assignments of error are filed within the 60 days allowed, the clerk is under no duty and has no authority to make up the record. The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not filed in 60 days, the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.

The clerk is required to make up the record "promptly" and no arbitrary time limit is fixed. The time spent by the clerk in making up the record is necessarily subtracted from the time allowed the appellant. Under the rules, the clerk needs much less time than he did before. All he has to do is to gather the papers together, put them in "chronological order", number the pages and make an index.

Between the time when the record has been made up by the clerk of the trial court and the expiration of the four months within which the petition for appeal and the record must be transmitted to the clerk or one of the justices of this court, the appellant is required by Section 6 to designate the parts of the record to be printed. Before counsel can prepare a petition for appeal he necessarily must decide what points he intends to rely on and what parts of the record are germane to those points. When he has separated the wheat from the chaff by designating the material parts of the record, he has done not only what the rule requires, but also what is necessary in writing his petition. At the same time he thereby defines the issues so that opposing counsel and this court may know what they are. These considerations are important and are in addition to the mere advantage of saving printing costs.

The requirement that only the material parts of the record can be printed is one of the essential features of the present method of taking an appeal, and the requirement that appellant's counsel designate those parts within the time allowed is equally essential.

If the notice of appeal and assignments of error are not

filed within the time allowed, the clerk of the trial court is under no duty and has no authority to make up the record. If the designation is not filed within the time allowed, he is under no duty and *has no authority* to transmit the record.

Section 7 of Rule 5:1 provides: *"Transmission of Record.* After the appellant has filed his designation of the parts of the record to be printed, the record shall remain in the clerk's office for twenty days and thereafter until counsel for appellant notifies the clerk to transmit it; and the clerk shall then transmit it with the designations of the parts to be printed to the clerk of this court at Richmond or Staunton or to any justice of this court, as requested by counsel for appellant. But the clerk shall transmit them sooner if requested by all counsel."

Section 6 begins: " (a) *Civil Cases.* Not less than twenty days before the record is transmitted, counsel for appellant shall file with the clerk a designation of the parts of the record that he wishes printed. At any time before the record is transmitted, or, at his option, within twenty days after an appeal has been allowed, counsel for appellee shall file with the clerk, or with the clerk of this court, as the case may be, a designation of the additional parts of the record that he wishes printed."

The record must remain in the office of the clerk of the trial court for twenty days after the designation so that counsel for appellee may have time to examine it and designate any additional parts that he wishes printed. This requirement is for the benefit of appellee's counsel so that he will not have to follow the record to Richmond. Therefore appellee's counsel may waive the twenty days' delay by notifying the clerk that he unites in a request of appellant's counsel to transmit the record sooner.

Appellant's counsel may want more than twenty days to study the record in the trial court clerk's office, and, therefore, the clerk is not to transmit the record until appellant's counsel tells him to. The record may be transmitted by any method the clerk of the trial court selects—this is his responsibility—he may use the mail or express, or a trustworthy individual, as he chooses. The request to transmit the record does not have to be in writing unless the clerk requires written notice for his own protection. It will be presumed that the clerk of the trial court has performed the official duty imposed upon him by Section 7 to transmit the record only on request of appellant's counsel after

twenty days or at the request of both counsel within less time. The presumption that a public official has performed his duty in accordance with law is rebuttable, *Narrows Grocery Co.* v. *Bailey,* 161 Va. 278, 170 S. E. 730; and, in the case at bar, the non-performance of the duty is demonstrated by the fact that counsel for appellant did not file any designation in the trial court, but made a motion for leave to file it in this court. Thereupon, counsel for appellee moved that the appeal be dismissed.

■ Section 8-463 of the Code of 1950 requires a petition for appeal to be presented within four months of final judgment, and Section 8-465 requires a transcript of the record to be presented with the petition. This four month's period is mandatory and jurisdictional. Rule 5:4.

Within the four months' period, numerous steps have to be taken. Some of these steps are under the control of counsel for appellant and some are not. The time taken by the reporter to transcribe the testimony is often included in the four months' period. The trial judge is allowed time to examine a transcript of oral testimony presented to him. The clerk is allowed time to make up the record. The appellee is allowed twenty days in which to designate the parts of the record that he wishes printed.

■ The requirement that appellant designate the parts of the record to be printed cannot be construed as merely directory, because it is an essential feature of the present method of taking an appeal. A major purpose of the existing rules is to compel a reduction in the size of the printed record, and that purpose would be defeated if we should hold that the provisions of Section 6 may be ignored. Prior to the present rules, the record could not, as a practical matter, be reduced except by stipulation of counsel. (See "Practice in the Supreme Court of Appeals of Virginia", by Ralph T. Catterall, 33 Va. L. Rev. 220 at 236.) Appellee can waive all or some of the twenty days that are allowed for his benefit, but he cannot waive the requirement that appellant file his designation in the trial court.

In the present case, counsel read Rule 5:1 as far as Section 4. They say, in their brief: "When it was decided to apply for an appeal from the ruling of the trial court, notice of the application for the appeal with the assignments of error was given and accepted by the counsel for the Appellee". Having read the Rule as far as Section 4, counsel, for some reason not explained, did not read on. They say in their brief: "Appellant expected and

sought to reach an agreement with Appellee as to the portions of the record which should be printed, Appellant having inadvertently and without knowledge of Rule 5:1 Sec. 6 (a) failed to designate before transmission of the record the portions to be printed.''

Under this state of facts, the clear, mandatory provisions of Rule 5:1 Section 6 (a) were not complied with, and the clerk of the trial court had no authority to release or transmit the record under these circumstances. (Rule 5:1 Sec. 7.) (See opinion by Mr. Chief Justice Hudgins, announced at this session of the court, in *Skeens* v. *Commonwealth, ante,* p. 200, 64 S. E. (2d) 764.)

To hold otherwise would create untold turmoil and confusion.

*Appeal dismissed.*