# Richmond

LINCOUS SMITH V. JEWELL RIDGE COAL CORPORATION.

April 23, 1962.

Record No. 5437.

Present, All the Justices.

Case submitted on briefs.

*George C. Sutherland; S. H. Sutherland; Tivis D. Owens*, for the appellant.

*Carl C. Gillespie, Jr.* and *Gillespie & Gillespie*, for the appellee.

*Per Curiam.*

The appellee, Jewell Ridge Coal Corporation, has filed a motion to dismiss the appeal granted on November 27, 1961, to the appellant, Lincous Smith, from the Industrial Commission, on the ground that the required appeal bond had not been given within the time required by § 8-489 of the Code.

Section 8-489 of the Code provides that an appeal from an award of the Industrial Commission shall be dismissed if sixty days from the date of the award (August 15, 1961) elapse before the required bond is given, not counting the time the petition for appeal and record are in the hands of this court or one of its justices or its clerk before the appeal is granted.

Section 8-477 of the Code provides that an appeal, when granted, shall not take effect "until bond with surety approved by the trial court, or its clerk, be given or filed in the clerk's office of the trial court" by the appellant or some other person in the penalty fixed by the court or judge granting the appeal.

The order entered by this court on November 27, 1961, granting the appeal required that the appellant, or someone for him, enter into bond in the penalty of three hundred dollars "before the clerk of the said Industrial Commission".

Upon the granting of the appeal the clerk of this court forthwith certified to the Industrial Commission and to counsel for the parties the fact that the appeal had been awarded and stated the kind and penalty of the bond to be given as required by Rule 5:5.

Rule 5:1, § 11, providing for the filing by the appellant of a certificate by the clerk of the trial court that the required bond has been given, was designed to give the appellant an opportunity to correct a defective bond; "but the bond must, of course, be given within the time allowed by statute". *Avery* v. *County School Board*, 192 Va. 329, 331, 64 S. E. 2d 767, 768.

Instead of entering into bond before the clerk of the Industrial Commission, as required by the order of this court, the appellant entered into a bond before the clerk of the Circuit Court of Buchanan county on December 8, 1961, in the penalty of three hundred dollars with The Fidelity and Casualty Company of New York, as surety, and his counsel mailed it to the secretary of the Industrial Commission, who promptly wrote to counsel that the bond was not in compliance with the order of this court or with the statute. Counsel replied that § 8-477 of the Code authorized it to be done that way. One of the members of the Industrial Commission then wrote counsel that the bond must be executed before the secretary of the Industrial Commission and explaining how that could be done without the necessity of counsel or his client coming to Richmond.

No certificate of the clerk of the Industrial Commission that the required bond had been given was filed within the twenty-one days prescribed by Rule 5:1, § 11. To his brief opposing the motion to dismiss, filed February 13, 1962, appellant's counsel attached an undated copy of a certificate of the secretary of the Industrial Commission which states that the required bond was given in her office on January 9, 1962, on behalf of Lincous Smith, with surety she deemed sufficient.

This bond was not given within the time required by § 8-489 of

the Code, *supra*. The bond given before the clerk of the Circuit Court of Buchanan county on December 8, 1961, was not in accord with the order of this court granting the appeal. It was also not in accord with the requirement of § 8-477 of the Code. The order of this court required the bond to be given before the clerk of the Industrial Commission and Code § 8-477, as we interpreted it in that order, required that it be given before the Industrial Commission or its clerk. The statute requires that the surety on the bond to be given be first approved by the trial court or its clerk and then it may be given or filed in the clerk's office. It is not within the intendment of the statute that the surety on a bond required as the condition of an appeal may be approved and the bond be given in a court or before the clerk of a court different from the court in which the case was tried.

The motion to dismiss the appeal is therefore sustained and the appeal is dismissed.

*Appeal dismissed.*