# Richmond

## ELLIS W. HOLLAND v. THEODORE BLISS.

January 19, 1970.

Record No. 7060.

Present, All the Justices.

*Harry J. Hicks (Claude D. Cooper, on brief), for plaintiff in error.*

*Lawson Worrell, Jr. (Williams, Worrell, Kelly & Worthington, on brief), for defendant in error.*

CARRICO, J., delivered the opinion of the court.

This appeal involves the action of the trial court in sustaining a demurrer to a motion for judgment alleging malpractice. The motion was brought by Ellis W. Holland, the plaintiff, against his physician Theodore W. Bliss, the defendant. The trial court dismissed the motion for judgment, and the plaintiff was granted a writ of error.

At the threshold of our consideration of the case, we are met with a motion filed by the defendant to dismiss the appeal. We turn our attention to that motion because the disposition we must make of it is conclusive.

Rule 5:1 § 6(a), Rules of Court, provides that "[n]ot less than twenty days before the record is transmitted, counsel for appellant

shall file with the clerk [of the trial court] a designation of the parts of the record that he wishes printed."

Rule 5:1, § 7 provides that "[a]fter the appellant has filed his designation of the parts of the record to be printed, the record shall remain in the clerk's office for twenty days and thereafter until counsel for appellant notifies the clerk to transmit it. . . . But the clerk shall transmit [it] sooner if requested by all counsel."

Rule 5:4 provides that "the record shall be filed with the clerk of this Court at Richmond or Staunton or presented to a Justice within the time allowed by statute for presenting a petition for appeal." Code § 8-463 fixes such time in this type of case at four months from the date of the final order.

The final order was entered by the trial court on March 27, 1968. The plaintiff filed designation of parts of the record to be printed on July 11, 1968. The clerk of the trial court released the record to counsel for the plaintiff on July 24, 1968, and it was delivered to one of the Justices of this court on the same date.

Thus, the record remained in the clerk's office only thirteen days before being released to counsel for the plaintiff, rather than the twenty days required by Rule 5:1, § 7. Counsel for the defendant did not consent to early transmittal of the record. The clerk was without authority to release the record as he did on July 24, 1968, and it was not, therefore, properly filed with this court. *Avery* v. *County School Board*, 192 Va. 329, 334, 336, 64 S.E.2d 767, 770, 771 (1951).

Needless to say, had the clerk retained the record the requisite twenty days, it could not have reached this court within the four-month period prescribed by Rule 5:4 and Code § 8-463. This would have been the inevitable result of the plaintiff's failure to file the designation within the time required by Rule 5:1, § 6(a).

All this is fatal to the appeal. The cited rules are mandatory and jurisdictional. *Avery* v. *County School Board, supra*, 192 Va. at 335, 336, 64 S.E.2d at 771. Failure of the plaintiff to comply with the rules requires dismissal of his appeal.

*Appeal dismissed.*