COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


ELIZABETH A. HARING

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1085-08-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                         SEPTEMBER 8, 2009
MICHAEL J. HACKMER


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Gaylord L. Finch, Judge

              Elizabeth A. Haring, *pro se*.

              Lynn A. Brenner for appellee.


        Elizabeth A. Haring (mother) appeals from an order of the trial court denying her motion

to modify custody, and ordering that Michael J. Hackmer (father) retain sole legal and physical

custody of the parties' child (child or daughter).  On appeal, mother raises the following issues:

1) she contends the trial court erred in finding that no material change in circumstances occurred

since the court's custody order of January 13, 2005; 2) she argues the trial court failed to

adequately communicate the basis of its decision, either orally or in writing, for its finding that

no material change in circumstances had been proven, as required by Code § 20-124.3; 3) she

contends the trial court erred in interpreting Code § 20-124.3:1 to exclude the testimony of

mother's psychologist who would have testified on behalf of mother; 4) she argues that it was

error for the trial court to allow father to withdraw his consent to mother's psychologist's

testimony; 5) she alleges that the trial court's interpretation of Code § 20-124.3:1 violated her

due process rights pursuant to the United States Constitution and the Virginia Constitution;

        [*] Pursuant to Code § 17.1413, this opinion is not designated for publication.

6) she asserts that the trial court erred by awarding attorney's fees to father after mother attempted to bring fraud to the trial court's attention; and finally, 7) she contends the trial court erred in denying mother's request for attorney's fees. Additionally, each party requests an award of appellate attorney's fees and costs.

We conclude the trial court did not err in its resolution of the factual disputes regarding whether a material change of circumstances had occurred, nor did the trial court err by failing to adequately communicate the basis of its decision. We further find that Code § 20-124.3:1 authorized the court's exclusion of testimony by mother's psychologist. Finally, we find that the trial court did not err in denying the mother's requests for attorney's fees. Therefore, we affirm the orders of the trial court.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

## I. BACKGROUND

In accordance with familiar principles, we summarize the evidence in the light most favorable to the prevailing party below. See Bottoms v. Bottoms, 249 Va. 410, 414, 457 S.E.2d 102, 105 (1995). The history of the strained relationship between the parties is unfortunately long, complicated, and contentious. The parties have one daughter, who was born in 1999. In 2002, the parties separated, and mother was awarded *pendente lite* custody of their child. In January 2004, the Loudoun County Juvenile and Domestic Relations District Court awarded temporary physical custody of daughter to the Loudoun County Department of Social Services (DSS), in response to a Child in Need of Services petition. In October 2004, the Fairfax County Circuit Court held an *ore tenus* hearing to determine whether it was in the best interests of the child to return custody to one or both of her parents. After a lengthy hearing and considering the

testimony of a number of witnesses and the opinions of several professionals, the trial court awarded legal and primary physical custody of daughter to father with regular visitation to mother.  Mother subsequently appealed the trial court's ruling to this Court, and this Court upheld the decision on the grounds that "the evidence supported the trial court's award of sole legal and physical custody to father and that the decision was not plainly wrong."  See Haring v. Hackmer, No. 2846-04-4, 2005 Va. App. LEXIS 445, at *14 (Nov. 8, 2005).  We determined

> [t]he evidence of two credible expert witnesses suggested that father was better equipped to meet the emotional, intellectual, and physical needs of child.  Moreover, mother's behavior sufficiently demonstrated to the trial court that she would not support child's contact and relationship with father, that her involvement in child's life was not altogether positive, and that she had been willfully non-compliant with the terms of her custody and the authority of the court.

Id.

In August 2007, mother filed an "Emergency Motion to Transfer Custody."  In this motion she argued a change in circumstances had occurred that warranted a change in custody.  Mother cited the following developments, among others, as evidence of a change in circumstances:  (1) father remarried; (2) father relocated from Ashburn to Leesburg, and moved daughter to a new school; (3) father's financial situation had deteriorated; (4) father had an unstable employment history; (5) father had allowed daughter's medical insurance to lapse; (6) father had not ensured daughter received proper medical and dental care; (7) mother relocated to Leesburg; (8) mother established a successful insurance business in the intervening years; and (9) daughter's mental and physical health had deteriorated.

Prior to the hearing regarding the modification of the custody arrangement, father moved to bar the testimony of Dr. Dwight Colley, a clinical psychologist who had evaluated mother in preparation for the custody hearing.  At trial, the trial court barred Dr. Colley's testimony, pursuant to Code § 20-124.3:1, which stated that the written consent of a parent is required prior

to the testimony of a mental health care provider on the behalf of or against a parent. Mother timely noted her objection.

The three-day hearing on the motion to modify custody began on January 28, 2008. The trial court heard testimony from ten witnesses and admitted over seventy exhibits into evidence. The parties also submitted written argument to the trial court. On March 6, 2008, upon consideration of this evidence, the trial court opined that in its view no material change in circumstances had occurred and denied mother's motion to modify custody. In its ruling, the trial court articulated the two-prong test used to determine if a change in custody is warranted, as follows: "The test the courts must apply considers: 1) Whether there has been a change in circumstances since the most recent custody award; and 2) whether a change in custody would be in the best interests of the child. See Keel v. Keel, 225 Va. 606, 611-12, [303 S.E.2d 917, 921] (1983)."

Prior to determining that no material change in circumstances occurred, the trial court recited language from Keel, 225 Va. at 611-12, 303 S.E.2d at 921, as follows:

> "The 'change in circumstances' referred to in the first prong of the test is not limited to whether negative events have arisen at the home of the custodial parent. It is broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them. It is also broad enough to include positive changes in the circumstances of the noncustodial parent such as remarriage and the creation of a stable home environment, increased ability to provide emotional and financial support for the children, and other such changes."

After finding there had been no material change in circumstances, the trial court related its factual findings:

1) The Court would note the minor child is eight years old and is doing well in school in the current custodial arrangement. She is well liked by her peers and her teachers, and there is no reason to believe that a change to a different elementary school would prove detrimental to her development.

Further, the Court would note that neither parent resides in the school district where the child currently attends elementary school and would need an [exemption] granted each year in order for the child to attend her current school.

The Court also notes the child is in good health.

2) Both parents are in good health, and neither parent['s] health has changed since the entry of the prior custody order.

3) Both parents are involved in the minor child's life and appear able to accurately assess and meet her emotional, intellectual, and physical needs.

Neither parent has displayed a greater propensity relative to the other parent to unreasonably deny access or visitation. Both parents have demonstrated an ability to maintain a close and continuing relationship with their minor child.

The final order, which found there was no material change of circumstances, was entered on March 14, 2008. That same day (March 14, 2008), the trial court suspended the final order pursuant to Rule 1:1 until March 28, 2008, on the grounds that mother intended to file additional objections in the matter. On March 28, 2008, the trial court again suspended the entry of the final order, dated March 14, 2008, until April 4, 2008. Again, the order stated that the trial court was suspending the entry of the final order because mother intended to file additional objections. On April 3, 2008, mother filed a motion to vacate the final order and grant a new trial and a supplemental memorandum.

Mother, representing herself *pro se*, and father's attorney appeared before the trial court on April 4, 2008. After hearing argument, the trial court entered an order denying mother's motion to suspend the final order and for leave to depose. The handwritten order stated, "[Mother]'s motion is denied. The Court suspended the entry of the Final Order twice and shall enter it today. [Mother] is ordered to pay $1,000 [for attorney's fees] to [father]'s attorney within 30 days."

- 5 -

On April 10, 2008, the trial court denied mother's motion to vacate the final order and grant a new trial. This order stated, "The Final Order in this case was entered on March 14, 2008[,] and suspended once until March 28, 2008[,] and then again until April 4, 2008." Mother filed "Additional Supplemental Substantive Objections to Final Order" as well as "Objections to Orders of April 4, 2008 and April 10, 2008" on April 25, 2008. On May 2, 2008, mother filed a notice of appeal, which stated that she was appealing the orders entered on April 4, 2008, and April 10, 2008 (hereafter, "the suspending orders").

## II. PERFECTION OF THE APPEAL

Before addressing the issues raised by mother on appeal, we first address father's assertion that this Court must dismiss mother's appeal. He asserts that because mother appealed the suspending orders, rather than the final order entered March 14, 2008, she failed to perfect her appeal.

"Code § 8.01-675.3 and Rule 5A:6(a) require that notice of appeal to this [C]ourt be filed within thirty days of any final judgment." Carlton v. Paxton, 14 Va. App. 105, 109, 415 S.E.2d 600, 602 (1992). It is not contested that mother timely filed the notice of appeal; thus, we turn to the question of whether mother's reference to the suspending orders, rather than the final order, satisfies Rule 5A:6(a).[1]

"Neither the Rules nor prior case decisions mandate dismissal of an appeal when an error of reference[,] . . . [rather than] timely filing[,] is at issue." Id. at 109-10, 415 S.E.2d at 602

---

[1] Rule 5A:6(a) provides in pertinent part:

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

(holding that a notice of appeal which incorrectly identified the order being appealed does not fail on procedural grounds). The rules governing a notice of appeal "have been designed to protect the appellee, not to penalize the appellant." Id. at 110, 415 S.E.2d at 602 (citing Avery v. County Sch. Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)). "If required papers are not timely filed, 'the appellee is entitled to assume that the litigation is ended.'" Id. (quoting Avery, 192 Va. at 333, 64 S.E.2d at 770).

In their briefs, both parties address the questions mother raised in regard to the final order. Because mother did in fact file a notice of appeal, and because father was given notice of continuing litigation, which is the purpose of Rule 5A:6(a), we conclude that under the facts of this case, dismissal for failure to satisfy the rules governing notice of appeal is unwarranted.

### III. MODIFICATION OF CUSTODY

On appeal, mother contends the trial court abused its discretion in refusing to modify the custody arrangement and in failing to award sole legal and physical custody of daughter to mother. She argues that a material change in circumstances existed necessitating a change in custody and that the original custody arrangement is not in the best interest of daughter.

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003) (citing Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)); see also Wheeler v. Wheeler, 42 Va. App. 282, 289, 591 S.E.2d 698, 702 (2004) ("Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." (quoting Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (internal quotation marks omitted)).

- 7 -

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003) (footnote omitted); see also, Keel, 225 Va. at 611-12, 303 S.E.2d at 921.

"'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children." Wheeler, 42 Va. App. at 289, 591 S.E.2d at 702 (quoting Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999)). Consistent with the trial court's recitation of the applicable legal standard, a material change in circumstance

> is not limited to whether negative events have arisen at the home of the custodial parent. It is broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them. It is also broad enough to include positive changes in the circumstances of the noncustodial parent such as remarriage and the creation of a stable home environment, increased ability to provide emotional and financial support for the children, and other such changes.

Keel, 225 Va. at 611-12, 303 S.E.2d at 921.

As the party seeking to modify the existing custody order, mother bore the burden of proving that a material change in circumstances occurred. Mother argues on appeal that daughter has grown in age and maturity since the January 2005 order and that she experienced emotional struggles following the implementation of that order. Prior to the January 2005 order, daughter demonstrated some behavioral and emotional difficulties, which were somewhat ameliorated during foster care. The trial court found her to be "thriving." At the March 2008 hearing, the trial court found, and the record supports, that child was in good health and doing well in school. The record supports that child's mental and emotional well-being continued to

improve under the current custody arrangement, as testimony from three teachers who instructed daughter in the intervening years indicated that she was bright, got along with her classmates, and did not have any behavioral issues. These are all circumstances that the fact finder obviously considered in the resolution of this issue. While these factual considerations *may have* been enough to convince a different fact finder that there had indeed been a *material* change of circumstances, the fact finder in this case determined that the applicable standard from a factual standpoint had not been met. The trial court's finding that there was no material change in circumstance that warranted an award of custody to mother is not plainly erroneous based on the trial court's factual findings in this regard.

Mother further contends that father's changes in marital status, employment, and residence constituted a change in circumstances that warranted a change in custody. The evidence supports the trial court's conclusion that father continues to be able to meet daughter's physical and emotional needs. Moreover, the evidence indicates that daughter did not experience a change in her quality of life despite father's remarriage and employment history. Furthermore, the evidence indicates that despite the fact that father had been employed by a number of companies in the intervening years, daughter's life was not impacted by these changes.

To address mother's concern regarding father's relocation to Leesburg, the trial court determined that the relocation was *not* a change in circumstances. Neither party lives in the school district of daughter's former school, and the evidence indicated, as the trial court found, that daughter would not be detrimentally affected by a transfer in schools. As there is no detrimental effect on daughter, the trial court did not plainly err in finding no material change in circumstances. See Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994) (citing Wilson v. Wilson, 12 Va. App. 1251, 1255, 408 S.E.2d 576, 579 (1991)) (holding that when a custodial parent wishes to relocate to another state, the relocation of the custodial parent

constitutes a material change of circumstances when the relocation may not be in the child's best interests).

Mother further argues on appeal that she accomplished a number of positive changes in her ability to care for daughter. She asserts that she has created a stable home environment, has a thriving professional life, and now has an increased ability to provide emotional and financial support to daughter. While mother's circumstances may have in fact changed, and she is to be commended for these important life changes, the test in custody modification cases is whether the change in circumstances is in fact *material*. While mother's employment situation was less than ideal at the time of the initial custody determination, it was nonetheless more continuously stable than father's employment history. Thus, at the time of the initial custody determination, the trial court considered the differing employment situations of the parties, yet still awarded father custody. We cannot say that the trial court plainly erred in March 2008 in finding no material change in circumstances, when mother continued to have more stable employment, but father continued to adequately provide for daughter.

Under the facts presented in the record, we hold that the trial court did not abuse its discretion by finding that a material change in circumstance warranting a change in custody did not occur.

## IV. COMMUNICATION OF BASIS OF DECISION REGARDING MATERIAL CHANGE OF CIRCUMSTANCES

Mother contends the trial court erred by failing to adequately communicate, in accord with Code § 20-124.3, the basis of its decision finding no material change in circumstances to permit a change in child custody. Contrary to mother's assertion, Code § 20-124.3 applies only when a trial court makes a determination as to the best interests of the child.

Code § 20-124.3 provides that the "judge shall communicate to the parties the basis of the decision either orally or in writing" when making a determination regarding the "best interests of

a child for purposes of determining custody." Thus, Code § 20-124.3 requires the trial court to communicate its findings only when it addresses the second prong of the two-part modification of custody test.

As previously discussed, the trial court only addressed the first prong of the modification of custody test; to wit, the trial court found there was no material change in circumstances. Critical to the analysis is that the trial court only makes a "best interests" determination if the material change of circumstances prong of the test is satisfied. See Surles v. Mayer, 48 Va. App. 146, 170-71, 628 S.E.2d 563, 575 (2006) (citing Ohlen, 16 Va. App. at 423, 430 S.E.2d at 561; Keel, 225 Va. at 611, 303 S.E.2d at 921; Denise v. Tencer, 46 Va. App. 372, 395, 617 S.E.2d 413, 425 (2005)). Because the trial court did not find a material change in circumstances existed, it did not have to reach the second prong of the test regarding the best interests of the child. Therefore, the trial court did not err by failing to provide a basis for its decision pursuant to Code § 20-124.3.

## V. EXCLUSION OF EXPERT TESTIMONY PURSUANT TO CODE § 20-124.3:1

Mother contends that the trial court erroneously excluded the testimony of mother's individual psychologist, Dr. Dwight Colley, despite mother's proffer that she intended to ask the psychologist questions solely related to mother. Mother argues that because Dr. Colley did not treat child or father, father may not exclude the psychologist's testimony.

Code § 20-124.3:1, which was repealed subsequent to the instant hearing, 2008 Va. Acts, ch. 809, provides in relevant part as follows:

> B. In any case in which custody or visitation of a minor child is at issue pursuant to [Code] § 20-124.2, . . . a mental health care provider licensed in the Commonwealth may not be required to testify on behalf of or against a parent or any of the parent's adult relatives, and may do so only with the advance written consent of the parent.

This code section contains no language "requir[ing] that the parent must have been *a patient* in order to invoke the privilege." Schwartz v. Schwartz, 46 Va. App. 145, 156, 616 S.E.2d 59, 65 (2005) (emphasis added). In fact, the statute applies when the testimony offered is merely adverse to a non-consenting parent's position, even if the testimony does not directly concern the non-consenting parent. See Rice v. Rice, 49 Va. App. 192, 199-200, 638 S.E.2d 702, 706 (2006) (holding that because the testimony of the child's therapist was being offered by the child's grandparents, it was likely that the substance of the testimony would be adverse to mother's position in the case, and therefore mother's consent to the therapist's testimony must be given under Code § 20-124.3:1).

Even assuming, *arguendo*, that excluding Dr. Colley's testimony was error, we need not reverse the trial court if we determine the error was harmless. Schwartz, 46 Va. App. at 159, 616 S.E.2d at 66 (citing Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001); Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).

"In Virginia, non-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Id. (quoting Code § 8.01-678).

> "If, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, . . . the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the [judgment] cannot stand."

Id. (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731-32).

Dr. Colley's proffered testimony was that mother was mentally stable and that there is no reason why mother could not care for daughter. The trial judge heard testimony from other witnesses and reached the conclusion that mother was in good health and was able to assess and

- 12 -

meet daughter's needs.  Dr. Colley's testimony was thus cumulative to other evidence the trial court considered and apparently credited.  From the record before us, we are not convinced that Dr. Colley's testimony was critical to the resolution of the issues presented and the failure to consider this testimony was at best, from mother's perspective, harmless error.

Code § 20-124.3:1 requires the exclusion of all testimony adverse to the position of the non-consenting parent.  Here, father refused to give written consent to have Dr. Colley testify.  Accordingly, we affirm the trial court's decision to exclude the psychologist's testimony under Code § 20-124.3:1.

## VI.  WITHDRAWAL OF FATHER'S CONSENT TO DR. COLLEY'S TESTIMONY AND VIOLATION OF MOTHER'S DUE PROCESS RIGHTS

In her fourth question presented, mother argues that the trial court erred by allowing father to withdraw his consent to Dr. Colley's testimony.  She asserts that because Dr. Colley testified at the 2004 child custody hearing,[2] it was error for the trial court to exclude Dr. Colley's testimony at the 2008 modification hearing when father refused to provide written consent.  In her fifth question presented, mother argues that the trial court violated her due process rights pursuant to the United States Constitution and the Virginia Constitution by excluding the testimony of Dr. Colley.  Because we decide above that the exclusion of Dr. Colley's testimony was harmless error, if it was error at all, we decline to address these questions.

## VII.  ATTORNEY'S FEE AWARD OF APRIL 4, 2008

"'An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'"  Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).  "'The key to a proper award of counsel fees is reasonableness

_____

[2] A review of the record shows that written consent was not acquired at the 2004 custody hearing.

- 13 -

under all the circumstances.'" Id. at 200, 571 S.E.2d at 916 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)). Mother contends that the April 4, 2008 award of attorney's fees to father was an abuse of the trial court's discretion. At the April 4, 2008 hearing, mother moved for a further suspension of the March 14, 2008 order so that she could depose a number of witnesses in order to prove father had committed a fraud on the court during his testimony. The trial court had suspended the entry of the order twice before, and implicit in the trial court's ruling was that the trial court believed that the evidence mother wished to present to the court via deposition was evidence that was available or could have been discovered by mother prior to the January hearing. Under these circumstances, the award of a part of father's attorney's fees was reasonable. Thus, the trial court did not abuse its discretion in awarding father attorney's fees.

## VIII. FAILURE TO AWARD MOTHER ATTORNEY'S FEES

Again, a trial court's award of attorney's fees or failure to award attorney's fees is "reviewable only for an abuse of discretion." Id. at 199-200, 571 S.E.2d at 916. Mother argues that the trial court erred by failing to award her attorney's fees. We disagree.

Mother argues that father "caused [unnecessary] expense and delay in these proceedings, some of his legal actions were sanctionable under [Code §] 8.01-271.1," and "among other things, [father] failed to disclose two expert witnesses, he erroneously listed two expert mental health provider witnesses as fact witnesses knowing they would be barred by statute, and his actions precipitated the suit in the first place." She further argues that attorney's fees were warranted because father failed to attend his scheduled deposition.

When the record is reviewed in the light most favorable to father, the prevailing party below, the "record contains credible evidence in support of the findings made by the court, [and] we may not retry the facts or substitute our view of the facts for those of the trial court." Cirrito

v. Cirrito, 44 Va. App. 287, 301, 605 S.E.2d 268, 275 (2004) (citing Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 4 (1992)). The trial court carefully considered the claims involved in the custody modification proceeding, and it ultimately denied mother's motion to transfer custody. The record does not show that father's actions caused unnecessary expense and delay. As such, we disagree with mother's claim that an award of attorney's fees was warranted.

## IX. AWARD OF ATTORNEY'S FEES FOR APPEAL

Both parties request an award of the attorney's fees and costs they incurred in connection with this appeal. Mother has incurred no attorney's fees because she appeared before this Court *pro se*. Her request is therefore denied.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the record, we conclude "the litigation addressed appropriate and substantial issues" and that [mother] did not generate[] unnecessary delay or expense in pursuit of [her] interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Thus, we deny each party's request for an award of appellate attorney's fees and costs.

## X. CONCLUSION

For these reasons, we affirm the orders of the trial court and deny the parties' requests for appellate attorney's fees and costs.

Affirmed.