COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Clements
Argued at Richmond, Virginia


WAYNE ALLEN RUSSELL,
  ADMINISTRATOR OF THE ESTATE
  OF KATHRYN O'NEIL RUSSELL

                                                                OPINION BY
v.        Record No. 2443-10-2                    JUDGE ROBERT J. HUMPHREYS
                                                              NOVEMBER 22, 2011
VIRGINIA BOARD OF AGRICULTURE AND
  CONSUMER SERVICES


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

         Norman Hunter Lamson for appellant.

         Stephen P. Jack, Assistant Attorney General (Kenneth T. Cuccinelli,
         II, Attorney General, on brief), for appellee.


        Wayne Allen Russell, on behalf of the estate of Kathryn O'Neil Russell ("Russell"),

appeals the decision of the circuit court to grant the Virginia Board of Agriculture and Consumer

Services' ("Board") motion to dismiss for failure to timely file a notice of appeal pursuant to

Rule 2A:2 of the Supreme Court of Virginia.  In addition to asking this Court to consider

assignments of error on the part of the Board that were never reviewed by the circuit court,

Russell alleges on appeal that the Circuit Court of Albemarle County ("circuit court") erred when

it

            sustained the motion to dismiss of the Board based on asserted
            non-compliance by . . . Russell with the requirement of . . . Rule
            2A:2(a) that a litigant file a notice of appeal within 30 days after
            "adoption of the regulation" because the "adoption of the
            regulation" occurs when the last of all the requisites of law for
            making the will of the agency effective have occurred, and, those
            requisites being (a) the vote in favor of the measure (in the case of
            a collective body), here occurring March 20, 2008, (b) filing with

the Registrar of Regulations as required by Code §§ 2.2-4103, 2.2-4013(B), and 2.2-4012(E), here occurring July 30, 2008, (c) publication by the Registrar of Regulations in the Register as required by Code § 2.2-4031(A), here occurring August 18, 2008, and (d) the arrival of either thirty days after publication (September 17, 2008) or any other later date specified by the agency (October 3, 2008) as required by [Code] § 2.2-4015(A), and the last requisite here occurring on the agency designated effective date, namely October 3, 2008, Russell's October 30, 2008, filing was within 30 days thereafter, and hence timely.[1]

We agree with the circuit court that it did not have jurisdiction to consider Russell's appeal due to his untimely notice of appeal, and, thus, we affirm. Because the circuit court did not have jurisdiction to hear Russell's appeal, we do not address the merits of Russell's other assignments of error.

---

[1] All of Russell's assignments of error are unhelpfully voluminous and convoluted and while we would normally reproduce them verbatim, in the interest of both brevity and readability, we have abridged the issues to which he assigns error.

Although we do not address them for the reasons stated *infra*, Russell also contends on appeal:

Even if [he] did not timely file [his] notice of appeal, the trial court still erred in sustaining said motion to dismiss because the instant regulation, namely, 2 VAC 5-206 (the Scrapie Regulation) was not adopted by the Board at all, as the legislature had composed it . . . [thus rendering] the regulation, void *ab initio*, and rendering the case subject to the rule that its purported actions may be attacked at any time, in any court, and by any means, and that the court has a duty *sua sponte* to invalidate the regulation;

and,

Even if [he] did not timely file [his] notice of appeal, the trial court still erred in sustaining said motion to dismiss because the Board's failure to comply strictly with statutes requiring it to publish in the Registrar [sic "Register"] notice of opportunity for oral and written submittals (public comment) and of any public hearing caused it not to acquire subject matter jurisdiction in the particular case, making the regulation void *ab initio*, and triggering the rule that its action is subject to attack at any time, in any court, by any means, and the court has a duty *sua sponte* to invalidate the regulation . . . .

## I. Background

At the time of the adoption of the regulation at issue in this case, the Board was statutorily tasked with

> protect[ing] domestic animals and poultry from disease. It shall also be the duty of the Board . . . to cooperate with . . . the United States Department of Agriculture in establishing such interstate quarantine lines, rules and regulations as to best protect the livestock and poultry of this Commonwealth against all contagious and infectious diseases.

Code § 3.1-724.[2] The Board was also "authorized to make the regulations adopted under this article conform, insofar as practicable, to those regulations adopted under federal statutes governing animal health." Code § 3.1-726.[3]

The United States Department of Agriculture sought to eradicate Scrapie, a debilitating disease of sheep and goats, by 2010. Pursuant to this goal, in September 2001, a federal regulation became effective which restricted the interstate movement of sheep and goats from states that had not initiated intrastate regulatory action aimed at the eradication of this disease.

The Board initiated procedures to adopt a regulation that would bring the Commonwealth in line with the federal guidelines. On December 6, 2007, the Board held a public hearing on the proposed regulation. The Board was presented summarized written public comments and also heard from those who chose to comment in person. An amended final proposed regulation was adopted by the Board at a March 20, 2008 meeting. The final regulation as adopted was posted in the Virginia Register of Regulations on August 18, 2008. The regulation had an effective date of October 3, 2008.

---

[2] Code § 3.1-724 has since been replaced with Code § 3.2-6001.

[3] Code § 3.1-726(A) has since been replaced with Code § 3.2-6002(A).

On October 30, 2008, Kathryn Russell served a notice of appeal on the Board's Agency Secretary, Roy Seward. She then filed a "Petition for Appeal" in the circuit court. In response, the Board filed a "Response to Petition for Appeal and Motion to Dismiss."

Kathryn Russell then died unexpectedly in a car accident. The circuit court appointed her husband, Wayne Allen Russell, as substitute for her in his capacity as administrator of her estate.

On October 13, 2010, the circuit court ruled that Russell's notice of appeal was not filed within the 30-day requirement of Rule 2A:2 and granted the Board's motion to dismiss.

## II. Analysis

Appellant argues on appeal to this Court that the circuit court erred in sustaining the Board's motion to dismiss based on a failure to comply with the 30-day notice requirement of Virginia Supreme Court Rule 2A:2(a). We disagree.

A question of statutory interpretation is subject to review *de novo* on appeal. Wright v. Commonwealth, 275 Va. 77, 80-81, 655 S.E.2d 7, 9 (2008). This is an action appealing a regulation adopted by the Board of Agriculture and Consumer Services; as such, it is governed by Virginia's Administrative Process Act ("APA"). Under the APA,

> Any person affected by and claiming the unlawfulness of any regulation, . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia. Actions may be instituted in any court of competent jurisdiction as provided in [Code] § 2.2-4003, and the judgments of the courts of original jurisdiction shall be subject to appeal to or review by higher courts as in other cases unless otherwise provided by law.

Code § 2.2-4026. The pertinent Supreme Court of Virginia rule is Rule 2A:2, which states that "[a]ny party appealing from a regulation . . . shall file with the agency secretary, within 30 days after *adoption* of the regulation . . . , a notice of appeal signed by the appealing party or that party's counsel." (Emphasis added). The issue in this case is when the point of "adoption"

- 4 -

occurs when an agency creates a regulation such as to trigger the beginning of the 30-day period in which to note an appeal.

The problem with determining the date of adoption for the purpose of Rule 2A:2 is that the APA uses the term "adoption" at several different points and in different contexts. For example, Code § 2.2-4013 is the statute which is relevant to this analysis, and it references "adoption" in three different ways. Under subsection A, "adoption" first occurs when the agency decides to adopt a regulation following public comment. The statute specifically says,

> Not less than fifteen days following the completion of the public comment period provided for in § 2.2-4007.03, the agency may (i) *adopt* the proposed regulation if the Governor has no objection to the regulation; (ii) modify and *adopt* the proposed regulation after considering and incorporating the Governor's objections or suggestions, if any; or (iii) *adopt* the regulation without changes despite the Governor's recommendations for change.

Code § 2.2-4013(A) (emphasis added).

The next subsection then references a point of "final adoption" by the agency that relates back to the initial adoption. This subsection states that,

> Upon *final adoption* of the regulation, the agency shall forward a copy of the regulation to the Registrar of Regulations for publication as soon as practicable in the Register. All changes to the proposed regulation shall be highlighted in the final regulation, and substantial changes to the proposed regulation shall be explained in the final regulation.

Code § 2.2-4013(B) (emphasis added). Although this subsection of the statute characterizes this action by the agency as the "final adoption" of a regulation, in yet another subsection, the Code requires a "thirty-day final adoption period." This arguably implies that the "final adoption" referred to in Code § 2.2-4013(B) is not actually "final" at all until the conclusion of the 30-day period. Specifically, the Code states,

> A *thirty-day final adoption period* for regulations shall commence upon the publication of the final regulation in the Register. The Governor may review the final regulation during this *thirty-day*

*final adoption period* and if he objects to any portion or all of a regulation, the Governor may file a formal objection to the regulation, suspend the effective date of the regulation in accordance with subsection B of § 2.2-4014, or both.

If the Governor files a formal objection to the regulation, he shall forward his objections to the Registrar and agency prior to the conclusion of the *thirty-day final adoption period*.  The Governor shall be deemed to have acquiesced to a promulgated regulation if he fails to object to it or if he fails to suspend the effective date of the regulation in accordance with subsection B of § 2.2-4014 during the *thirty-day final adoption period*.  The Governor's objection, or the suspension of the regulation, or both if applicable, shall be published in the Register.

A regulation shall become effective as provided in § 2.2-4015.

Code § 2.2-4013(D) (emphasis added).  This "final adoption" occurs thirty days after the publication of the final regulation in the Register, whereas the "final adoption" in subsection B is the agency action that triggers the publication of the final regulation in the Register in the first place.  Thus, logic dictates that the "final adoption" referred to in subsection D must be separate and distinct from the "final adoption" in subsection B.

So the question then arises, at which point of "adoption" does Rule 2A:2 contemplate that the 30-day period commence within which to note an appeal?  Put another way, does "final adoption" of a regulation occur when the agency votes to implement it and forwards the regulation to the Registrar of Regulations for publication or after the expiration of the 30-day public comment period during which the Governor can suspend or suggest changes to the regulation?  Procedural due process considerations and the principle that appellate courts may generally only consider issues on appeal which involve lower court judgments, or as in this case, agency decisions which are final, weigh in favor of using the later date as the point at which the period for noting an appeal commences.  However, an application of either definition of "adoption" to the record before us results in a conclusion that Russell's appeal was not timely filed.

Even assuming without deciding that the regulation is "finally adopted" as contemplated by Code § 2.2-4013(D) which occurs at the conclusion of the 30-day "final adoption period," Russell's notice of appeal was untimely filed in this case. The Board published the final regulation in the August 18, 2008 issue of the Register of Regulations. This triggered the 30-day final adoption period as required by Code § 2.2-4013(D). During this period, the Governor could have objected to and suspended the regulation, but he did not. Thus, the Governor is deemed to have acquiesced to the regulation, and, on September 17, 2008, the regulation was "adopted" and became effective. This is the latest date on which the regulation could be "finally adopted." Thus, if the 30-day notice period in Rule 2A:2 started at this point, anyone aggrieved by action of the agency in adopting the regulation must have filed a notice of appeal by October 17, 2008. In this case, the notice of appeal was not filed until October 30, 2008; therefore, the notice of appeal was untimely, and the circuit court was correct in concluding that it had no authority to consider the appeal and did not err in granting the Board's motion to dismiss the appeal.

"Strict enforcement of the time requirements of the rules governing the notice of appeal is necessary because '[l]itigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.'" Ghameshlouy v. Commonwealth, 279 Va. 379, 391, 689 S.E.2d 698, 704 (2010) (quoting Avery v. County School Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)). Thus, "'[t]he purpose of the specific time limit [for filing a notice of appeal] is not to penalize the appellant but to protect the appellee.'" Id.

Russell argues that, even if his notice was untimely, he may nevertheless challenge that the regulation is void *ab initio* at any time because an improperly constituted Board lacked subject matter jurisdiction in adopting the regulation. Russell misconstrues the law in this area. While it is true that one may challenge subject matter jurisdiction at any point, one must properly be in a court in the first place in order to do so. That is, an appellate court must properly have

acquired appellate jurisdiction itself before it can hear a challenge to *any* lower court or agency's actions. The Virginia Supreme Court previously made this point specifically with respect to the APA.

> Similarly, in the Administrative Process Act, the General Assembly provided a procedure for court review of certain actions taken by administrative agencies. Code § 2.2-4026. To obtain such a review, Rule 2A:2 requires that "any party appealing from a regulation or case decision shall file, within 30 days . . . of the final order in the case decision, with the agency secretary a notice of appeal." The timely filing of that notice of appeal is jurisdictional. In all these cases, we did not, however, state that the time requirements for the appellate filings at issue were an aspect of subject matter jurisdiction. That question was not before us because, in each case, any concern about compliance with the respective time period for filing the appeal had been timely raised, and we therefore did not need to decide whether the issue had been or could have been waived.
>
> Like the statutory provisions in Morrison [v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990),] and Nelson [v. Warden of Keen Mt. Corr. Ctr., 262 Va. 276, 552 S.E.2d 73 (2001)], the 30-day filing requirement in Code § 15.2-2314 does not involve the subject matter jurisdiction of a circuit court to adjudicate the matter in controversy. As such, the filing requirement is an "other 'jurisdictional' element" subject to waiver if not properly raised. Thus, we hold that the County's failure to file the petition for a writ of certiorari under Code § 15.2-2314 within 30 days of the final decision of the BZA did not divest the circuit court of its subject matter jurisdiction. The issue of timely filing is therefore waived since it was not raised in the circuit court. See Rule 5:25.

Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 347-48, 626 S.E.2d 374, 380-81 (2006) (quoting Morrison, 239 Va. at 169, 387 S.E.2d at 755) (internal citations omitted).

In this case, the appellant failed to file notice within the 30-day period as required by Rule 2A:2. Thus, the circuit court never gained appellate jurisdiction to consider the merits of any assignments of error with respect to the agency. Therefore, the circuit court did not err in granting the Board's motion to dismiss.

Because they were never addressed by the circuit court, we do not address the merits of Russell's remaining assignments of error.  Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488-89 (1998).

## III.  Conclusion

Because Russell failed to satisfy the notice requirement of Rule 2A:2, the circuit court did not err in granting the Board's motion to dismiss for failure to timely file a notice of appeal. Additionally, since the circuit court was without jurisdiction to do so, it did not err in refusing to address Russell's challenges to the regulation.  Thus, we affirm the judgment of the circuit court.

Affirmed.